BOBBY GHAJAR # 198719
bobby.ghahar@pillsburylaw.com
MARCUS D. PETERSON # 265339
marcus.peterson@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone:  213.488.7100
Facsimile:   213.629.1033

Attorneys for Plaintiff WEMASH, INC.

SHARI MULROONEY WOLLMAN # 137142
swollman@manatt.com
JESSICA A. WOOD # 269562
jwood@manatt.com
MANATT, PHELPS @ PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Plaintiff
WEMASH, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEMASH, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WEMESH INC., an Ontario, Canada corporation; and Michael Pazaratz, an individual,<br><br>Defendants. | Case No. 2:15-CV-8719 JFW (JPRx)<br><br>**JOINT STATEMENT OF MEET AND CONFER EFFORTS REGARDING DEFENDANTS WEMESH, INC. AND MICHAEL PAZARATZ'S MOTION TO DISMISS COMPLAINT**<br><br>**Date:**<br>Time:<br>Crt Rm:      16<br><br>Judge:      Hon. John F. Walter |

-1-

## I.    INTRODUCTION

### 1.    Defendants' Position

Pursuant to the Court's Standing Order (Dkt. 9) at Paragraph 5(b), Defendants WeMesh, Inc. ("WeMesh") and Dr. Michael Pazaratz ("Dr. Pazaratz") (collectively "Defendants") and Plaintiff WeMash, Inc. ("Plaintiff" or "WeMash") (Defendants and Plaintiff, collectively, "Parties") respectfully submit this joint statement regarding Defendants' intention to file a motion to dismiss Plaintiff's Complaint [Dkt. 1].  The meet and confer call took place on December 21, 2015.

For Defendants, the meeting was attended by Defendants' lead counsel Bobby Ghajar, which Defendants understand is required by the Standing Order to facilitate the parties' agreeing to amend the pleadings to avoid motion practice.  Mr. Marcus Peterson, a senior associate at the firm, also attended for Defendants.  For Plaintiff, the Ms. Jessica Wood, but not lead counsel, Ms. Shari Mulrooney Wollman, attended the conference.

Counsel for the parties discussed the grounds of Defendants' motion, which had previously been set forth in a detailed letter from Defendants' counsel to Plaintiff's counsel. See Exhibit 1.  At the conclusion of the call, Ms. Wood indicated that she would speak with her client and determine whether it would be willing to amend any portion of the Complaint in light of the issues Defendants raised. The next day, on December 22, Ms. Wood emailed Defendants' counsel representing that she had not yet been able to discuss the issue with her client, and in light of the holidays, offered an additional one-week extension of time for Defendants to respond to the Complaint and asked Defendants to prepare a stipulation.  Counsel for Defendants prepared a stipulation to that effect at Ms. Woods' request.  The next day, on December 23 at about 5:00 pm, Ms. Woods took back the one-week extension of time, apparently because counsel for Defendants could not agree to certain dates for the parties' Rule 26(f) conference

(which Defendants believe is completely unrelated to the issues at bar).  The email chain between the parties is attached as Exhibit 2.  Defendants' efforts to avoid this predicament are set forth in Exhibit 2, specifically the December 24 email from Marcus Peterson to Jessica Wood.  Accordingly, the parties did not reach agreement on a further extension of Defendants' deadline to file a responsive pleading, and in view of the Court's Standing Order requiring that a Joint Report be filed within three days of the meet and confer, and in view of the present response present deadline, Defendants intend to go forward with their motion to dismiss on December 28.

Finally, during the meet and confer call on Monday, December 21, Plaintiff's counsel indicated an inability to set forth any position as to the sufficiency of the allegations in the Complaint and agreed to confer with her client about amending the Complaint.  However, as confirmed in Exhibit 2 and Plaintiff's position below, Plaintiff doubles down on the sufficiency of its Complaint and does not intend to amend it in any way.  Accordingly, Plaintiff's claim that it needed until Monday, December 28 to determine whether to amend the Complaint is a red-herring and is an effort to mislead the Court.

The parties' respective positions on Defendants' planned motion are detailed below.

## 2.     Plaintiff's Position

Despite Plaintiff's several requests that the parties file this joint statement on Monday, December 28 due to the holidays, and Plaintiff's repeated offers to continue Defendants' deadline to respond to the complaint, Defendants changed their minds at the last minute and demanded that the parties file the joint statement today, on Christmas Eve.   Defendants' insistence that the parties file today required Plaintiff's counsel to work on Christmas Eve and postpone travel plans to meet her family.  It places a further burden on Plaintiff's other counsel, who is out

-3-

of town for the holidays as well.[1]  Further, Defendants have compounded this issue by serving their portion in the middle of the night—at 11:38pm on December 23—demanding that if Plaintiff did not prepare its portion, Defendants would unilaterally file the following day by 4pm on Christmas Eve, thus severely cutting short Plaintiff's time to respond.  Therefore, Plaintiff had less than 24 hours to prepare its portion of the statement on the Christmas Eve holiday.  While Plaintiff has done its best to prepare its portion, *this statement does not represent Plaintiff's complete position and Plaintiff expressly reserves its right to amend its position if necessary.*

Plaintiff further notes that Defendants' insistence upon filing their motion on Monday, December 28, despite Plaintiff's multiple offers to extend that deadline, will now require Plaintiff to oppose the motion over the New Year's holiday as well.  Defendants' counsel's lack of professional courtesy is shocking to say the

_____

[1] Plaintiff would have been quite willing to have Ms. Wollman attend the meet and confer.  However, Plaintiff only became aware of the requirement that the lead trial counsel must attend after the conference had taken place.  It was not Plaintiff's intention to violate the Court's Order, and Plaintiff apologizes for this inadvertent violation.  As movants, Defendants had an obligation to inform Plaintiff if they felt additional counsel needed to attend the meeting, and Plaintiff would have willingly complied.  However, Defendants never raised this issue before or during the conference, or at any time before 11:38pm on December 23 when Plaintiff received this joint statement.  In fact, as confirmed in the attached correspondence, when counsel for plaintiff sent the email to counsel for defendants confirming the date and time of the conference and that she would attend on behalf of plaintiff, defense counsel knew at that time that only Ms. Wood planned to attend and never requested the participation of lead counsel. It appears Defendants knew of the Court's Rule and knowingly failed to raise it at the time—when Plaintiff had the opportunity to correct it—as they evidently hoped to do exactly what they have done, i.e. raise the issue after the fact, without making any sincere effort to resolve this issue themselves, and instead spring this on Plaintiff in connection with their filing. Such actions are highly unprofessional and contrary to the purpose of the Court's Rule to evaluate and attempt to resolve the issues.

least.

Further, Plaintiff requested that Defendants remove their unrelated vitriolic attacks on Plaintiff, needless bickering, and attachments comprising email correspondence between the parties which has no bearing on the parties' evaluation of the issues, but Defendants refused.  *See* Exhibit 2.  Although Defendants' references are inappropriate in a *joint* statement and contrary to the purpose and letter of the Court's Order requiring the parties to submit a statement focusing on the evaluation of the issues, Plaintiff feels it is forced to respond to a few points.

For example, Defendants' assertion that this case is retaliatory is exactly backwards.  In fact, *Defendant WeMesh initiated this action* by aggressively sending false and unsubstantiated takedown notices to three social media platforms—Apple, Instagram and LinkedIn—that Plaintiff uses to promote its WEMASH Application ("App"), without even contacting Plaintiff first.  In the takedown notices, Defendant WeMesh's counsel admitted that Defendant WeMesh's WEMESH mark and Plaintiff's WEMASH Mark are similar and there is a likelihood of confusion, as well as instances of actual confusion:

> "Given the similarity in the marks themselves, the use of the marks, and the types of goods and services offered, there is confusion as to the source and origin of the goods and services that [WeMash, Inc.] provides.  In fact, WeMesh first became aware of your use of the "WEMASH" and "WEMES" marks because of recent instances of actual confusion between the entities, in social media…"

As Defendant WeMesh does not have priority, Defendant WeMesh is an admitted infringer.  Further, Defendant WeMesh refused to provide evidence of its ownership of the WEMESH Mark.  Accordingly, as Plaintiff WeMash was damaged as a result of Defendant WeMesh's precipitous and reckless actions, Plaintiff was forced to bring this lawsuit in order to protect its valuable trademark rights.

-5-

From the outset, Plaintiff has been interested in early resolution of this lawsuit and repeatedly requested that the parties undertake an early reciprocal exchange of priority evidence which will likely be dispositive of the issues.  In fact, Plaintiff has made extensive efforts over the past three weeks to help Defendants avoid bringing their motion to dismiss including at *least six good faith offers to conduct a mutual exchange of evidence* that will likely resolve all, or at least most, of the issues in Defendants' motion, and offering Defendants at least *five separate extensions* to file their motion so the parties can attempt to resolve the issues.

However, as shown in Exhibit 2, despite Plaintiff's best efforts to avoid needless motion practice, and attempts to focus on the merits and an early resolution of the issues, Defendants have refused Plaintiff's offers and extensions without explanation, mocked Plaintiff's efforts to permit them to avoid bringing their motion, and continue to refuse to cooperate and act with untoward aggression. In contrast to Plaintiff's repeated good faith offers, Defendants have declined to act reciprocally in good faith by, on the one hand, demanding that Plaintiff meet with them Monday December 28 on Defendants' own motion, and at the same time refusing to meet with Plaintiffs the same day for the Rule 26(f) conference, or at any time prior to the last possible minute, a week later, for no good reason.

## II.   SUMMARY OF DEFENDANTS' ANTICIPATED MOTION AND POSITION

This is a retaliatory trademark suit brought against a Canadian company, WeMesh, and its President, Dr. Pazaratz after WeMesh attempted to enforce its federally-registered trademark for WEMESH.  As discussed during the meet and confer, Defendants intend to move to dismiss Plaintiff's Complaint (Dkt. 1) on four, separate grounds:

-6-

A.   There is no personal jurisdiction over Defendant Dr. Pazaratz, a Canadian citizen.  Plaintiff does not even allege facts to make a *prima facie* showing of personal jurisdiction against Dr. Pazaratz;

B.   As to Defendant Dr. Pazaratz, Plaintiff does not identify any activities that he engaged in that would give rise to individual liability for the claims in the case;

C.   All of Plaintiff's trademark-related claims, including its claim for cancellation, fail to state a claim upon which relief can be granted under *Iqbal* and *Twombly* because they do not allege facts showing that Plaintiff has common law trademark priority, which is required under the law; and

D.   Separately, Plaintiff's cybersquatting claim fails to state a claim upon which relief can be granted because: a) it does not allege any facts relating to Defendants' supposed knowledge of Plaintiff's trademark rights or a "bad faith intent to profit" (required under the law); b) it attempts to reach extraterritorially to domain names lawfully registered in Canada and St. Helena; and c) the law requires a showing that the domain names were first registered in bad faith, but the original registration of the domain names precedes even Plaintiff's unsupported first use.

Each are briefly described below, followed by a summary of the December 21, 2015 discussion between counsel.

### A. There is No Personal Jurisdiction Against Individual Defendant Dr. Pazaratz

The Complaint does not direct any specific wrongful acts by Defendant WeMesh's President, Dr. Pazaratz, yet individually names him as a defendant.   Defendants believe this was done solely as a means to create leverage against Defendants.   Relying on vague and general assertions, the Complaint

defines the term "Defendants" to include *both* WeMesh and Dr. Pazaratz.  Dkt. 1 at 2.

Relatedly, the Complaint fails to allege any facts against Dr. Pazaratz that would justify exercising personal jurisdiction over him in the Central District.  During the December 21st meet and confer conference, Plaintiff's counsel stood behind the Complaint, and provided no other reason or bases for asserting jurisdiction over Dr. Pazaratz in this District.  Plaintiff's counsel said she would look into this issue, and the one below (2), and confer with her client regarding possibly amending the Complaint to allege additional facts.

## B. The Complaint Fails to State Any Basis Under Which Dr. Pazaratz Could Be Personally Liable for the Claims

Plaintiff does not allege any business that Dr. Pazaratz, individually, has conducted in this District; any wrongful acts or omissions Dr. Pazaratz has engaged in in this District; or any activities Dr. Pazaratz himself has directed toward this District.  Therefore, he should be dismissed from the Complaint.

In meet and confer correspondence, Plaintiff stated that its claims against Dr. Pazaratz stem from his alleged registration of certain domain names that Plaintiff has raised in its Complaint (which is not alleged in the Complaint).  During the December 21st meet and confer conference, Plaintiff's counsel again mentioned that certain of the accused domain names were registered by Dr. Pazaratz, but did not offer any other basis as to why Dr. Pazaratz was named individually in the Complaint.  Defendants' counsel explained that they seek identification of: 1) facts in the Complaint that demonstrate why Plaintiff sued him individually; and 2) facts in the Complaint that set forth a basis for the Court

-8-

1    to have personal jurisdiction over Dr. Pazaratz.  Plaintiff's counsel said she would

2    look into this issue, and the one above (1), and confer with her client regarding

3    possibly amending the Complaint to allege additional facts.  Plaintiff has not yet

4    taken a position as to whether it will dismiss Dr. Pazaratz from the Complaint.

5                 **C. Plaintiff's Trademark-Related Claims (Counts 1, 3, 5, 6[2]) are**

6                        **Insufficiently Pleaded**

7              All of Plaintiff's trademark-related claims are based on the same premise –

8    that Defendants infringe Plaintiff's alleged trademark rights in the WEMASH and

9    WEMES trademarks.  As Plaintiff admits in the Complaint, ***Defendant*** WeMesh

10   owns a federal trademark registration for the mark WEMESH®, which it filed with

11   the USPTO on May 5, 2014.  Plaintiff owns no trademark registrations.  Under the

12   Lanham Act, ***Defendant*** WeMesh has nationwide, constructive priority rights to

13   the WEMESH mark dating *at least* back to the filing date.  In order to prevail on a

14   claim of trademark infringement, Plaintiff has the burden of establishing (and

15   therefore alleging with specific facts) that Plaintiff used WEMASH and WEMES

16   as trademarks prior to May 5, 2014, because priority of use is the first element of a

17   claim of trademark infringement.  None of the vague and general allegations in the

18   Complaint – even if taken as true – are of the type of activities courts have

19   recognized as conferring nationwide, common law trademark rights, and fail as a

20   matter of law.[3]

21

22   _____

23   [2] Plaintiff's Fourth Cause of Action is for Declaratory Judgment of Non-

24   infringement

25   [3] Likewise, Plaintiff's claim for cancellation of WeMesh's federal trademark

26   registration (Third Cause of Action) also fails because Plaintiff has not sufficiently

27   alleged trademark rights superior to Defendants' rights.

28

-9-

1   During the meet and confer, Defendants' counsel explained the bases of the
2   planned motion, and discussed the insufficiency of the vague and general
3   allegations in the Complaint.  In response, Plaintiff's counsel sought guidance from
4   Defendants as to how Plaintiff might amend its Complaint to avoid a motion to
5   dismiss.  Defendants are not privy to what additional facts Plaintiff could possibly
6   allege, but stated that that Plaintiff would need to allege facts showing public use
7   of the trademark (rather than internal use) and to also allege specific activities that
8   took place publicly before May 2014.  Counsel for Plaintiff stated that she would
9   discuss the issue with her client and determine whether Plaintiff could amend its
10  complaint to state additional facts upon which it bases its claim of trademark
11  priority.  Plaintiff has not yet taken a position on whether it will amend its
12  complaint.

### D. Plaintiff's Cybersquatting Claims Should be Dismissed for Four Separate Reasons

15  Plaintiff has alleged a claim for cybersquatting under the
16  Anticybersquatting Consumer Protection Act ("ACPA"), which provides a cause
17  of action for the owner of a trademark against one who has registered a
18  "confusingly similar" domain with a "bad faith intent to profit" from it.

19  Plaintiff's Complaint fails to state a claim for cybersquatting for four,
20  separate reasons:

21  1) Because Plaintiff has not adequately pleaded trademark rights in
22     WEMASH or WEMES (see *supra* 3), it does not have standing to assert a
23     cybersquatting claim against Defendants.

24  2) Plaintiff's conclusory allegations do not properly state a claim that
25     Defendants' domain names were registered with a "bad faith intent to
26     profit."  The Complaint does not allege (because it cannot) that
27     Defendants *knew* about Plaintiff's supposed earlier use, let alone allege

28

-10-

facts relating to Defendants' supposed "bad faith";

3)  The Ninth Circuit has confirmed that there is no claim for cybersquatting where the accused domain names were originally registered (by a third party or otherwise) prior to Plaintiff's alleged first use of its trademarks – as is the case here;

4)  The Complaint attacks domain names that were lawfully registered, by a Canadian entity, through Canadian (.ca) and St. Helena (.sh) domain name registrars.  Plaintiff has no legal basis for seeking extraterritorial application of the ACPA against those domain names.

During the meet and confer call, Plaintiff's counsel refused to discuss the law governing the ACPA claims, stating that it was not her "burden to debate" such legal issues, which she had not "looked into."  Plaintiff's counsel also stated she would consider the issues and discuss with her client whether Plaintiff would amend the Complaint.  Plaintiff has not yet taken a position on such amendment.

### III.   SUMMARY OF PLAINTIFF'S POSITION ON MOTION TO DISMISS

Defendants' motion is nothing more than a frivolous attempt to delay resolution of this dispute.  Among other goods and services, WeMash designs, creates, develops, manufactures, promotes, provides and/or distributes innovative software, web-based platforms and applications ("apps") related to multimedia, videos, entertainment, sports, music, popular culture and more, as well as related services (the "WeMash Goods/Services").  In particular, WeMash is the creator, owner and provider of an app that allows users to access premium video content, which can be edited and integrated with text, graphics and other multimedia content for posting, linking and sharing online and across various social media and communications platforms (the "Wemes App").  WeMash is the owner of trademarks which it uses in connection with the WeMash Goods/Services and/or Wemes App including, but not limited to WEMASH™, WEMES™ and WeMash's proprietary W & Design (crown) ™ logo (collectively, the "WEMASH Marks").  In addition, WeMash has owned and operated the domain www.wemash.com (the "WeMash Domain") since at least November 20, 2005.

On or about October 14, 2015, Defendant WeMesh wrongly assumed it had priority in its WEMESH Mark, and issued false takedown notices to Apple, Instagram and LinkedIn, requesting that Plaintiff WeMesh's pages and accounts be removed.  As described above, in the takedown notices, Defendant WeMesh admits that there is a likelihood of confusion, and as Defendants do not have priority they are admitted infringers.

Before filing this lawsuit, Plaintiff WeMash contacted counsel for WeMesh and requested evidence of WeMesh's priority but, after a long period of silence, Defendant WeMesh refused.  Accordingly, Plaintiff WeMash filed this lawsuit alleging, *inter alia*, Defendants WeMesh and Mr. Pazaratz have infringed

-12-

Plaintiff's trademark rights in its WEMASH Mark by creating, promoting and distributing multimedia and entertainment software and/or apps for the Apple iPhone and/or iPad, including but not limited to its WeMesh App (the "WeMesh App") (collectively, the "WeMesh Goods") bearing colorable imitations of marks used on and in connection with the WeMash Goods/Services.

In any event, Plaintiff's allegations are accepted as true on a motion to dismiss.  There is no question that Plaintiff WeMash's complaint—which is 25 pages long and has multiple exhibits—sets forth sufficient details of Defendants' wrongful acts to support each of Plaintiff's claims.  Plaintiff's positions on each of the four issues raised by Defendants are briefly described below.

**1 & 2.  There is Personal Jurisdiction Against Individual Defendant Dr. Pazaratz, and The Complaint States a Sufficient Basis Under Which Dr. Pazaratz Could Be Personally Liable for the Claims**

Defendants' assertion that the Complaint does not set forth any specific wrongful acts by Defendant WeMesh's President, Dr. Pazaratz completely ignores the plain language of the pleadings.  Specific allegations relating to Mr. Pazaratz can be found, for example, at Paragraphs 25, 27 and 51-56.  These allegations state that Mr. Pazaratz is the owner of certain of the infringing domain names at issue. *See, e.g.*, Paragraph 25.  Taken as true, these allegations set forth specific wrongful acts by Defendant Pazaratz that are sufficient to support Plaintiff's claims.  In addition, the Paragraphs naming Defendant Pazaratz are sufficient to show that he directed his actions toward this forum, creating the basis for jurisdiction here.

Moreover, while Defendants' December 17, 2015 correspondence purported to set forth four grounds for its motion to dismiss, Plaintiff is still not clear on the basis for Defendants' motion.  At the parties' December 21 meet and confer, Defendants' counsel was unprepared and did not even know basic facts about their

-13-

own clients.  For example, Defendants' counsel insisted that there is no basis for naming Mr. Pazaratz as an individual as he is merely the administrative contact of the infringing domain names at issue.  However, Plaintiff's counsel pointed out that Mr. Pazaratz is not identified as the "administrative contact" of certain of the infringing domain names identified in the Complaint at Paragraph 25, but rather Mr. Pazaratz is listed as the "owner" and sole "registrant" of the domains, which registrations also display Mr. Pazaratz's home address.  Apparently Defendants' counsel still hasn't bothered to look at the publicly available registration information, because they don't even mention this evidence in their statement above.  Accordingly, Plaintiff is unaware on what basis Defendants intend to move now that Defendants are aware of this issue. 4

Likewise, at the meet and confer, Defendants' counsel was also unaware Defendants had sent a demand letter directly to Plaintiff in this forum.  Accordingly, Plaintiff does not know on what basis Defendants intend to move now that Defendants are aware of this issue as well.

### 3.  Plaintiff's Trademark-Related Claims are Sufficiently Plead

Defendants have failed to demonstrate that Plaintiff has not pled facts that establish Plaintiff's prior trademark rights.  As just one example, the Complaint sets forth allegations demonstrating that "since at least as early as 2009, and continuously to the present, WeMash has used the distinctive WEMASH mark in connection with its business, including but not limited to its innovative and high-quality WeMash Goods/Services."  Paragraph 13.  In addition, the Complaint  sets forth specific details regarding Plaintiff's use of the mark at Paragraphs 14-17,

---

4 Plaintiff expressly reserves its right to amend the Complaint after Defendants file their Motion to Dismiss pursuant to F. R. Civ. P. 15.

among others.

Defendants claim priority back to January 2015.  However, Plaintiff claims priority back to 2009.  Trademark rights in the United States are based on use of the mark in interstate commerce, not on registration.  Therefore, taken as true, Plaintiff's allegations are sufficient to support Plaintiff's claims of trademark infringement and unfair competition against Defendants.

**4. Plaintiff's Cybersquatting Claims Are Valid**

Likewise, Plaintiffs set forth several allegations in the Complaint with specific facts regarding Defendants' wrongful cybersquatting.  *See, e.g.,* Paragraph 25, 51-56.   Further, During the parties' meet and confer, Defendants' counsel admitted he was unaware of any authority that supported his contention that the ACPA does not apply to .ca or .sh domain names.  Furthermore, as discussed above, Defendants' counsel was unprepared for the meet and confer and had apparently not reviewed the evidence of the domain name registrations at issue.  In any event, the allegations pled in the Complaint are sufficient to support Plaintiff's cybersquatting claim.

Dated:  December __, 2015            PILLSBURY WINTHROP SHAW PITTMAN LLP
                                     BOBBY GHAJAR
                                     MARCUS D. PETERSON


                                     By: /s/ Bobby Ghajar_____
                                         Bobby Ghajar
                                         Marcus D. Peterson
                                     Attorneys for Plaintiff WEMASH, INC.

Pursuant to Local Rule 5-4.3.4, Bobby Ghajar hereby attests that the following

signatory concurs in the filing's content and has authorized the filing.

Dated:  December 24, 2015           MANATT, PHELPS @ PHILLIPS, LLP
                                    SHARI MULROONEY WOLLMAN
                                    JESSICA A. WOOD


                                    By:/s/ Jessica A. Wood_____
                                        Shari Mulrooney Wollman
                                        Jessica A. Wood
                                    Attorneys for Plaintiff WEMASH, INC.

-16-

JOINT STATEMENT OF MEET AND CONFER
EFFORTS RE DEFENDANTS' MOTION TO
DISMISS COMPLAINT
Case No. 2:15-CV-8719 JFW (JPRx)
4838-5964-8556.v1

# EXHIBIT 1



Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800 | Los Angeles, CA 90017-5406 | tel 213.488.7100 | fax 213.629.1033

Bobby Ghajar
tel: 213.488.7551
bobby.ghajar@pillsburylaw.com

December 17, 2015

<u>Via Email and First Class Mail</u>

Shari Mulrooney Wollman
Jessica Wood
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd
Los Angeles, CA 90064

Re:    **WeMash, Inc. v. WeMesh Inc., Case 2:15-cv-08719-JFW-JPR**

Dear Ms. Mulrooney Wollman:

We write to set up a time to meet and confer pursuant to Local Rule 7.3 and Judge Walter's Standing Order regarding a motion to dismiss that we intend to file on behalf of Defendants WeMesh, Inc. ("WeMesh") and Dr. Michael Pazaratz ("Dr. Pazaratz") (collectively, "Defendants"). Under the Judge's Standing Order, we must meet and confer by Monday, December 21 and file a joint statement by Thursday. If you are unable to meet those deadlines, please let us know so we can consider further extending out Defendants' responsive deadline to give the parties enough time to complete the process.

As you are aware from prior communications, Defendants believe there are serious issues on the face of the complaint that warrant its dismissal. We briefly summarize those issues to give you a better understanding of the bases of Defendants' intended motion prior to our meet and confer.

First, Plaintiff's Lanham Act, state unfair competition, and common law unfair competition claims all fail to properly state a claim. From our reading of the complaint, all three causes of action are predicated on Plaintiff's claim that Defendants' WEMESH trademark infringes Plaintiff's alleged WEMASH and WEMES trademarks. See Complaint at ¶¶46-48 (as to the Lanham Act claim, Plaintiff alleged for example that "WeMesh's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception…"); ¶¶70-71 (as to the state unfair

4820-9574-3276.v1

Shari Mulrooney Wollman
December 17, 2015
Page 2

competition claim, Plaintiff alleged, "Defendants engaged in conduct…to confuse and
deceive consumers by creating the false and misleading impression that Defendant
WeMesh's products are manufactured, produced, distributed, endorsed, sponsored,
approved and/or licensed by WeMash, or are associated or connection with WeMash");
¶¶76-77 (as to the common law unfair competition claim, Plaintiff alleged, "Defendants'
conduct alleged herein infringes WeMash's WEMASH and WEMES trademark rights and
constituted passing off and common law unfair competition.").

Accordingly, all three claims must properly allege the same two elements: 1)
ownership of valid, prior trademark rights; and 2) likelihood of confusion.  Here, Plaintiff
has failed to allege sufficient facts under *Iqbal* and *Twombly* regarding the first element.
Because WeMesh owns a federal trademark registration, and Plaintiff does not, Plaintiff
has the burden to demonstrate common law trademark rights in the WEMASH mark that
are prior in time to Defendants' rights.  To do so, the law requires Plaintiff to allege (and
prove) that it has used the WEMASH mark "in a way sufficiently public to identify or
distinguish the marked goods in an appropriate segment of the public mind as those of the
adopter of the mark" prior to WeMesh's priority date.  See *Chance v. Pac-Tel Teletrac Inc.*,
242 F.3d 1151, 1159 (9th Cir. 2001).

Among other indicative facts, WeMash applied to register the WEMASH mark in
June 2014 on an intent-to-use basis and took an extension of time in June 2015 to file a
Statement of Use, indicating that it had not made trademark use of the mark as of that date.
It similarly applied to register the WEMES mark on June 18, 2015 on an intent-to-use
basis.  WeMash's Facebook and Instagram pages indicate that it launched its app only three
months ago, on September 16, 2015.  Your client's www.wemash.com domain name
provided only a landing page with the name of the company, and no information as to the
nature of any mobile apps for sale or any services it offered under the WEMASH or
WEMES marks as of at least May 2015.  None of this is indicative of any use, let alone use
sufficient to establish common law trademark rights, prior to May 2014 (WeMesh's
undisputed constructive priority date).

The Complaint alleges only the following activities in support of its claim of
trademark use, which purportedly date back to 2009:

- WeMash uses the WeMash Domain to communicate with its customers and
  advertise positions available with the company.
- Meetings with investors and others to develop WeMash Goods/Services that are
  marketed, offered and/or distributed under the WEMASH mark.
- WeMash used the WEMASH mark in connection with the development and
  promotion of an extensive library collection of video content owned and
  controlled by the WeMash principals, for use on or in connection with web

Shari Mulrooney Wollman
December 17, 2015
Page 3

platforms, apps, software and/or related multimedia and entertainment products and services.

- WeMash has continued to expand the products and services offered under the WEMASH mark, expanding its portfolio to include, without limitation, various entertainment services, videos and information in the fields of music, sports and entertainment over the Internet…

Based on the allegations of the Complaint, these examples are insufficient to demonstrate trademark use or establish common-law priority.  For example, preparing to offer services under a mark is not the same as actually offering services under that mark.

Even if Plaintiff could argue that these allegations are sufficient to demonstrate trademark use, it would need to establish the geographic areas in which WeMash has established sufficient market penetration in order to bestow priority over WeMesh.  There is nothing in the complaint that addresses sales, app download location, trade shows, geographic expanse, or market penetration – or any other activities that would create an association between the WEMASH mark and your client in the minds of consumers.  The Complaint appears to tout the quality of reviews for the "Wemes" app, but as you are likely aware, the app – as of the date of the Complaint – only had *16 reviews* (and as of today, has only 24 – see below).  The Complaint fails to allege facts relating to market penetration in any geographic area.

Shari Mulrooney Wollman
December 17, 2015
Page 4



Second, given that Plaintiff cannot maintain its trademark infringement claims, it has no basis to assert a claim for cancellation of the WEMESH registration. Accordingly, that claim should also be dismissed.

Third, Plaintiff has not alleged any facts indicating that Dr. Pazaratz has done anything that would make him individually liable for the alleged conduct, or that personal jurisdiction is proper in this district against Dr. Pazaratz, who lives and works in Canada. The Complaint includes the conclusory allegations that "Defendants solicit, transact and do business in California and this District, and a substantial part of the wrongful acts or omissions complained of occurred in this District. Defendants purposefully directed their activities toward WeMash in this District when they engaged in the acts complained of

4820-9574-3276.v1

Shari Mulrooney Wollman
December 17, 2015
Page 5

herein, and a substantial part of the harm was felt in this District."  (Complaint at ¶5).  This does not distinguish Dr. Pazaratz from WeMesh and is insufficient to form a basis for personal jurisdiction.  When we asked you for the basis of your naming of Dr. Pazaratz, individually, your only answer in your December 2 letter was that "Mr. Pazaratz has been named as a defendant with respect to his ownership of certain of the domains at issue. If he assigns those domains to WeMesh we may be able to discuss dismissing him from the complaint."  The fact that he is the company's administrative contact for the domain names wemesh.com, wemesh.sh, wemesh.tv, wemesh.video, wemesh.me, and wemesh.co is hardly sufficient to name his as a defendant in a lawsuit in Los Angeles, California.

Also, when asked why you sued both Defendants in this district, your response (which is not in the Complaint) was that "your clients targeted WeMash when they contacted the social media platforms with an intent to disrupt its business operations, and thereby subjected themselves to the jurisdiction of our courts."  Offering an app through app stores based in Northern California, and "contacting" those app stores is not a proper basis to sue WeMesh in Southern California.

Fourth, as also raised in our November 23 letter, Plaintiff's cybersquatting cause of action fails for a number of reasons:

a) Without sufficient facts relating to trademark priority (see above), Plaintiff cannot sustain a claim for cybersquatting.

b) Cybersquatting requires bad faith registration of a mark identical or confusingly similar to "a mark that is distinctive at the time of registration of the domain name." 15 U.S.C. 1125(d)(1)(A)(ii)(I).   Plaintiff alleges that the following seven domain names were registered by Defendants with a "bad faith intent to profit from" the purported WEMASH and/or WEMES trademarks: www.weme.sh, www.wemesh.com, www.wemesh.me, www.wemesh.tv, www.wemesh.com, www.wemesh.video, and www.wemesh.ca.  But Plaintiff has not alleged any specific facts indicating such bad faith intent to profit.  Nor has Plaintiff even alleged that Defendants knew of Plaintiff's purported trademark use and trademark rights at the time WeMesh applied to register the WEMESH mark or when WeMesh first used the WEMESH mark.  The Complaint's conclusory allegations of "bad faith intent to profit" are insufficient to maintain a claim of cybersquatting.

Indeed, you allege not that Defendants registered those domain names in bad faith, but that they are using the domains to offer their own services.  Moreover, your client's app was launched on the app store in September 2015 – nine months after WeMesh's app was available.  This is insufficient to support a claim for cybersquatting.

Shari Mulrooney Wollman
December 17, 2015
Page 6

   c) Plaintiff cannot maintain a cybersquatting cause of action against country code gTLDs such as .sh and .ca, which are registered in St. Helena and Canada, respectively.  Those domain names are governed by the laws and regulations of other jurisdictions.  Further, your client cannot possibly claim that it has prior rights to the WEMASH mark in Canada, which is where WeMesh is based, and is reflected in its ability to apply for a .ca domain name (which Plaintiff cannot).  When asked about these claims, you stated in your December 2 letter, "We choose not to engage in discussions regarding our legal claims at this time. However, we note that each of the domains you list contain variations of the WeMash trademarks, or colorable imitations thereof, as to which your clients have already admitted a likelihood of confusion."

   d) Plaintiff cannot maintain its claims absent allegations that the domains in question were *originally* registered with a bad faith intent to profit from Plaintiff's alleged mark.  As you should have been aware prior to filing the complaint, the wemesh.com domain was originally registered in 2002, prior to any alleged first "use" by Plaintiff.   Accordingly, as a matter of Ninth Circuit law, it could not have been registered with a bad faith intent to profit, as required by the ACPA.  *See GoPets Ltd. v. Hise*, 657 F.3d 1024, 1032 (9th Cir. 2011) ("Because Edward Hise registered gopets.com in 1999, long before GoPets Ltd. registered its service mark, Digital Overture's re-registration and continued ownership of gopets.com does not violate § 1125(d)(1)).  The same is true for the domains registered after Plaintiff's alleged "first use."

     Please let us know your availability to meet and confer by December 21st on these issues.  Nothing herein is intended to limit or waive the issues or arguments that are applicable to Plaintiff's Complaint.

               Very truly yours,

               Bobby Ghajar

# EXHIBIT 2

**Peterson, Marcus D.**

| | |
|---|---|
| **From:** | Peterson, Marcus D. |
| **Sent:** | Thursday, December 24, 2015 1:38 PM |
| **To:** | 'Wood, Jessica' |
| **Cc:** | Ghajar, Bobby; De La Rosa, Inga L.; Wollman, Shari |
| **Subject:** | RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer |

Jessica,

Your email contains a number of misrepresentations and circular arguments that I will not address here because there seems little to gain from it.  We have had a number of calls and emails back and forth without coming any closer to an agreement on even the most basic issues.

You claim that we are forcing you to work on Christmas Eve and that we insist on filing our motion on Monday.  This could not be further from the truth.  Your posturing is belied by the simple, irrefutable chronology:

1) We met and conferred on Monday.
2) On Tuesday, you emailed us suggesting that Defendants take an extra week extension to file a responsive pleading so that you could discuss with your client the issues we addressed during the meet and confer call on Monday.  You asked us to prepare a joint stipulation to that effect.  We did so almost immediately.
3) Yesterday, in the early evening, you stated you needed to "rethink" the stipulation since we did not agree with your proposed time for a Rule 26(f) conference.  You said we were at an "impasse" unless we would agree to hold the conference next week.
4) When we stated we could not agree to hold the conference next week for a number of reasons, given that we did not know which claims would continue to be asserted, given that those topics involve a discussion with our clients who have limited availability because of the holidays, and given that we would need to prepare to discuss of the topics, you reneged on the agreement to extend Defendants' responsive deadline.
5) After we indicated that your actions would force us to go to the Court, you then offered a two-day extension to the responsive deadline (i.e. from December 28 to December 30), which we exposed as a transparent attempt to give yourselves more time to oppose Defendants' motion to dismiss, and which also indicated that you actually did *not* need more time to discuss the issues with your client because you had no intent to meaningfully continue the meet and confer process or to actually amend the Complaint (which is confirmed in your email below).
6) We declined to participate in your gamesmanship, but continued to remain open to the further seven-day extension per the stipulation you asked us to prepare.  You ignored that invitation.
7) As it was already in the evening when you told us you were reneging on the one-week extension, we immediately began to finalize the report.  This also required interrupting Mr. Ghajar's family vacation to get his input on a Joint Report we did not believe (until yesterday evening) we would need to file in view of your offer of a one-week extension.
8) We sent you the Joint Report hours later that same evening.

Your conduct is causing both of us to work on this on Christmas Eve (and the fact that we sent our portion of the Joint Report within five hours of your decision to renege on the stipulation is a testament to our night and holiday being disrupted).  We prepared, and would have filed, the stipulation providing the seven-day extension.  You chose to renege on the stipulation for an arbitrary reason.  We were both then forced to prepare

our portions of the Joint Report; actually, you should have prepared yours without waiting for our portion, especially because you confirm below Plaintiff is *not* amending its complaint, and because during the call, you took no position as to whether Plaintiff would amend.  There seems little else to say.

We do not intend to remove anything from the joint report.  Nothing in it is inaccurate.  The background and exhibits give the Court context for the current status of the parties' meet and confer efforts (for example, explaining to the Court why you were not prepared to take any position on the issues Monday, but are now able to do so).  If there is a particular sentence in the joint section that you would have us move to a Defendants-dedicated section, we will consider that.  But we see no basis for you to disagree with the way we have characterized our own motion, and certainly, you said little during the call, or after the call, that suggested you were prepared to discuss the law or the particular allegations in the complaint.

We agree that the Court will not want to see such disagreement between counsel.  You have unilaterally chosen to engage in such bickering by taking unreasonable positions on simple extensions and refusing to offer any explanation for why you will not informally provide priority evidence without a "mutual exchange" despite WeMesh's trademark registration and constructive priority date.  You keep claiming you want to resolve the matter and are acting in good faith to attempt such resolution.  But none of your actions to date – from antics like serving our clients on Thanksgiving and then fighting us for an extension of time to respond to the complaint beyond one week, thus forcing all of us to work over the holidays – are consistent with your self-professed "good faith" and reasonableness.  And your client's unwillingness to explain or support the bases of the positions it took in its pleading are further indication otherwise.

As to your attempt to unilaterally set a Rule 26(c) conference for Monday, that is not the way it works.  As indicated several times, we will not be prepared to conduct a Rule 26(f) conference at that time, just because you happen to be available.  We have already explained why, but you have ignored our explanation.  We offered a perfectly acceptable time, after the holidays, to conduct the meet and confer.  You have yet to explain why that date or time is unacceptable.

We look forward to receiving your portion of the joint report promptly.  As we will need to finalize and file the report, we will start doing so at 3:30 to ensure it is timely filed.

Regards,

**<span style="color:red">Marcus D. Peterson</span>** | <span style="color:red">Senior Associate</span>
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800 | Los Angeles, CA 90017-5406
<span style="color:red">t</span> 213.488.7410 | <span style="color:red">f</span> 213.629.1033
marcus.peterson@pillsburylaw.com | website bio

ABU DHABI   AUSTIN   BEIJING   HOUSTON   LONDON   <span style="color:red">LOS ANGELES</span>   NASHVILLE   NEW YORK
NORTHERN VIRGINIA   PALM BEACH   SACRAMENTO   SAN DIEGO   SAN DIEGO NORTH COUNTY
SAN FRANCISCO   SHANGHAI   SILICON VALLEY   TOKYO   WASHINGTON, DC

  

---

**From:** Wood, Jessica [mailto:JWood@manatt.com]
**Sent:** Thursday, December 24, 2015 11:31 AM
**To:** Peterson, Marcus D.
**Cc:** Ghajar, Bobby; De La Rosa, Inga L.; Wollman, Shari
**Subject:** RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Dear Marcus,

We received Defendants' portion of the Joint Statement that you sent last night at 11:38pm and we will prepare our portion per the Court's rules. We note that your insistence we file today now requires me to work on Christmas Eve when I had planned to now be traveling to meet my family, and that you have compounded this by serving your portion in the middle of the night, thus severely cutting short our time to respond. We further note that your insistence upon filing your motion on Monday, though we had offered to extend that deadline, will now require us to oppose your motion over the New Year's holiday. We will certainly inform the court of this shocking lack of professionalism.

We further note that Defendants' portion of the stipulation appears to contain several unrelated vitriolic attacks on Plaintiff, needless bickering, and attaches email correspondence between the parties which has no bearing on the parties' evaluation of the issues.  Such references are inappropriate in a *joint* statement and contrary to the purpose and letter of the Court's Order requiring the parties to submit a statement focusing on the evaluation of the issues.

In fact, as you can see, the purpose of the Court's Rule is to meet and confer *on the merits of the case*.  *See* Standing Order, November 9, 2015, (Docket No. 9) ("Standing Order"), at p. 6 ("Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference 'to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.' Counsel should discuss the issues with sufficient detail so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court.").  Further, the purpose of the joint statement is to inform the Court on the discussions and of outstanding issues.  *See id*, at p. 8 ("Within three days of the conference, counsel shall file a joint statement indicating the date, duration, and communication method of the conference and the participants in the conference. In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.").  It is plainly a violation of the Court's Order to improperly misuse the joint statement to air Defendants' grievances in this manner.

Accordingly, please confirm that you will remove all such references and attachments that do not pertain to the parties' evaluation of the issues.  If you still feel the need to submit such materials to the Court, please do so in a separate filing.  If you are not inclined to remove those references, we will have to respond.  However, we really hope you will take them out because in our experience, the Court has a very low tolerance for bickering amongst counsel and we do not want to annoy the Judge by engaging in such behavior.

Further, your correspondence below plainly misstates the events of the past few days. As you are well aware, Plaintiff has made extensive efforts over the past three weeks to help Defendants avoid bringing their motion to dismiss including at least *six good faith offers to conduct a mutual exchange of evidence that will likely resolve all, or at least most, of the issues in Defendants' motion*, and offering Defendants at least *five separate extensions* to file their motion so the parties can attempt to resolve the issues.

Despite Plaintiff's best efforts to avoid needless motion practice, and attempts to focus on the merits and an early resolution of the issues, Defendants refused Plaintiff's offers and extensions without explanation, have now opportunistically insisted on filing your motion and joint stipulation over the holidays, mocked Plaintiff's efforts to permit them to avoid bringing their motion, and continue to refuse to cooperate and act with untoward aggression.

Defendants' latest refusal to conduct the Rule 26(f) meeting on December 28 is just further indicative of Defendants' mockery.  In contrast to Plaintiff's repeated good faith offers to conduct an evidence exchange and continue Defendants' dates, Defendants have declined to act reciprocally in good faith by, on the one hand, demanding that Plaintiff meet with them Monday December 28 on Defendants' own motion, and at the same time refusing to meet with Plaintiffs the same day for the Rule 26(f) conference, or at any time prior to the last possible minute, a week later, for no good reason.

Moreover, Plaintiff disagrees that we have had Defendants' positions on their motion "for weeks."  Defendants' counsel did not even know basic facts about their own clients during the meet and confer, and as a result, Plaintiff still does not understand how they are moving based on the incorrect information they stated at the time.

In any event, as you have insisted upon filing the Joint Stipulation today, and have rejected our offer to extend your deadline to file the motion, we can now confirm that no further meet and confer on your motion is necessary and you should proceed to file it as you deem necessary. As you have already confirmed your availability for a call on your motion Monday, we intend to now use that time instead to conduct our Rule 26 conference.  Unless you let us know if there another time that is better for you that day, we will call you at 11:00 am to conduct the conference. If you wish to propose a different time that day please let us know.

Alternatively, and despite your continued, needless aggression and hostility, we remain willing to discuss alternatives to resolve this dispute. Plaintiff remains willing to provide you with all of its evidence of first use and cannot understand why you refuse to do the same. Certainly you must have had some good faith basis for sending three separate take down notices. We again invite you to follow Judge Walter's directive (*see* Standing Order, at p. 6 ("Counsel shall begin to actively conduct discovery before the Fed.R.Civ.P. 26(f) conference because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.") and engage in an early evidence exchange, rather than waste the court's time with a frivolous motion.

Best,
Jessica

**Jessica Wood**
Associate

**Manatt, Phelps & Phillips, LLP**
11355 W. Olympic Blvd
Los Angeles, CA  90064
**D** (310) 312-4246   **F** (310) 914-5880

JWood@manatt.com
manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Peterson, Marcus D. [mailto:marcus.peterson@pillsburylaw.com]
**Sent:** Wednesday, December 23, 2015 11:38 PM
**To:** Wood, Jessica
**Cc:** Ghajar, Bobby; De La Rosa, Inga L.; Wollman, Shari
**Subject:** RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Jessica,

Further to my email below, and pursuant to the Court's Standing Order, attached is the draft Joint Report, which was necessitated this evening after you reneged on an agreement that would have given Defendants until January 4th to file their response to the Complaint.  The report provides Defendants' perspective on the issues discussed during the meet and confer, and briefly describes the bases of Defendants' planned motion.  You have had our position on these issues for weeks.

The Court requires the parties to file a Joint Report within three days of the meet and confer, which is tomorrow.  I would like to spend the holiday with my family, so while you have completely disrupted this afternoon and evening because you decided to renege on your agreement, I expect that you will refrain from further delays tomorrow so that we can all enjoy the holiday.

I would appreciate your sending me your section as early as possible.   I will file it with the Court at 4pm if I do not receive your section before then.

Marcus

**Marcus D. Peterson** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800 | Los Angeles, CA 90017-5406
t 213.488.7410 | f 213.629.1033
marcus.peterson@pillsburylaw.com | website bio

ABU DHABI   AUSTIN   BEIJING   HOUSTON   LONDON   LOS ANGELES   NASHVILLE   NEW YORK
NORTHERN VIRGINIA   PALM BEACH   SACRAMENTO   SAN DIEGO   SAN DIEGO NORTH COUNTY
SAN FRANCISCO   SHANGHAI   SILICON VALLEY   TOKYO   WASHINGTON, DC

  

---

**From:** Peterson, Marcus D.
**Sent:** Wednesday, December 23, 2015 8:14 PM
**To:** 'JWood@manatt.com'
**Cc:** Ghajar, Bobby; De La Rosa, Inga L.; 'swollman@manatt.com'
**Subject:** Re: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Jessica,

It is ironic that you are quick to accuse us of "bad faith" or "gamesmanship" and to label your own actions as "good faith" and "reasonable." Yesterday, you asked us to prepare a stipulation to extend Defendants' deadline to respond to the complaint until January 4, which we did. This evening, the evening before Christmas Eve, you are refusing to sign that stipulation and are now agreeing to only extend Defendants' deadline by two days. The only reason you have given for this change of position is that we stated that we are not in a position to conduct the Rule 26(f) conference until January 4. You claim that you are not conditioning agreement to the stipulation you proposed on the timing of the Rule 26(f) conference, but have offered no other explanation for your 11th-hour change of position.

Your new proposal seems designed to grant Defendants two extra days to respond to the Complaint while giving Plaintiff five extra days to oppose a Motion to Dismiss. This suggests you already know your client's position and will not be amending the Complaint. While we are open to an extension that would allow you to discuss amendment with your client and provide a full report to Judge Walter, your proposal does not appear designed to allow that and instead only manipulates Defendants and the Court's procedures. We do not wish to be a party to such activity.

Accordingly, we are not going to prepare another stipulation a day after preparing a stipulation at your request extending Defendants' response deadline to January 4. If you agree to the original stipulation, please sign and send it to us and we will get it on file.

Otherwise, tonight we will send you our portion of the Joint Report required by Judge Walter. We expect that you will be able to provide your portion by tomorrow, as your position is not impacted by ours. We will be filing by 4:00 pm and will have no choice but to file unilaterally if we do not have your portion in time.

We look forward to your prompt response.

Regards,

Marcus

**From**: Wood, Jessica [mailto:JWood@manatt.com]
**Sent**: Wednesday, December 23, 2015 06:15 PM Pacific Standard Time
**To**: Peterson, Marcus D.
**Cc**: Ghajar, Bobby; De La Rosa, Inga L.; Wollman, Shari <swollman@manatt.com>
**Subject**: RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Dear Marcus,

Your continued insistence below and during our call today that we are attempting to condition the additional week extension on agreement on the timing of a Rule 26(f) conference, is completely inaccurate and misplaced.  Rather, we simply questioned whether you were acting in good faith by refusing to hold the required Rule 26 meeting until after 4pm on the very last possible day.  There is no excuse for refusing to meet with us for a whole week, particularly as you will have our client's positions on the issues you raised in our meet and confer by early next week.  Further, on our call, you refused to even reconsider whether you would meet for Rule 26 at any other time.  Instead you again threatened to go in *ex parte* or unilaterally file the required joint stipulation on our meet and confer on Christmas Eve.

As previously promised, we are giving further consideration to the issues you raised during our meet and confer.  That said, despite your gamesmanship, we would like to again extend a courtesy to Defendants in good faith, so that both parties have relief to file the joint stipulation in light of the holidays.  Accordingly, we will agree to give Defendants an additional few days extension to respond to the complaint until Wednesday, December 30.  If you agree to this extension, please prepare the stipulation for our review.

Best,
Jessica

**Jessica Wood**
Associate

**Manatt, Phelps & Phillips, LLP**
11355 W. Olympic Blvd
Los Angeles, CA  90064
**D** (310) 312-4246   **F** (310) 914-5880

JWood@manatt.com
manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Peterson, Marcus D. [mailto:marcus.peterson@pillsburylaw.com]
**Sent:** Wednesday, December 23, 2015 5:08 PM
**To:** Wood, Jessica
**Cc:** Wollman, Shari; Ghajar, Bobby; De La Rosa, Inga L.
**Subject:** RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Jessica,

Why did you not suggest this was going to be your position when we spoke half an hour ago?  You also did not suggest yesterday when recommending the additional week extension that it would be conditioned on agreement on the timing of a Rule 26(f) conference.  If you had, we could have considered moving *ex parte* yesterday or moving forward with the motion to dismiss.

We do not see any relation between concluding the meet and confer call, in which you are going to apprise us of your client's willingness to amend its Complaint, and a Rule 26(f) conference that requires the discussion of

many topics in anticipation of preparing a joint discovery plan.  Discussing all of the Rule 26 and L.R. 26-1 topics, when we are unsure as to operative allegations in the case and when we will have to discuss those topics with our client over a holiday week, is not feasible.  Nor is it reasonable of you to demand a 26(f) conference on *your* schedule in exchange for filing a further stipulation to extend the responsive pleading deadline that you suggested.  If you plan not to agree to the additional stipulated week, which was your suggestion, please let us know now so we can file an *ex parte* request with the Court tonight.  You can then explain your position to Judge Walter.

We look forward to your immediate response.

Regards,

**Marcus D. Peterson** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800 | Los Angeles, CA 90017-5406
t 213.488.7410 | f 213.629.1033
marcus.peterson@pillsburylaw.com | website bio

ABU DHABI   AUSTIN   BEIJING   HOUSTON   LONDON   LOS ANGELES   NASHVILLE   NEW YORK
NORTHERN VIRGINIA   PALM BEACH   SACRAMENTO   SAN DIEGO   SAN DIEGO NORTH COUNTY
SAN FRANCISCO   SHANGHAI   SILICON VALLEY   TOKYO   WASHINGTON, DC




Social Media
& Games
CLICK TO VISIT OUR BLOG

---

**From:** Wood, Jessica [mailto:JWood@manatt.com]
**Sent:** Wednesday, December 23, 2015 4:41 PM
**To:** Peterson, Marcus D.
**Cc:** Ghajar, Bobby; De La Rosa, Inga L.; Wollman, Shari
**Subject:** RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Dear Marcus,

Please clarify as to why you are unavailable to conduct the parties' joint Rule 26 conference as requested on December 28 but you are available for a continued meet and confer for Defendants' own motion that day.

We have acted in good faith by agreeing to an additional extension for Defendants' responses to January 4 as the parties are unable to file the joint stipulation due to the holidays.  We assumed you would act in good faith in return.  However, we are particularly concerned that you refuse to meet with us for Rule 26 on December 28, with no explanation whatsoever, especially given the fact that we have agreed to another extension for Defendants' responses, which gives you time to prepare for the Rule 26 meeting instead of drafting your clients' motions.

If you are not inclined to meet with us for Rule 26 until after 4pm on the very last possible day as you suggest below, please let us know as we will have to reconsider our position.  I'm in the office now if you would like to call me to discuss any of the foregoing.

Best,
Jessica


**Jessica Wood**
Associate

7

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd
Los Angeles, CA  90064
**D** (310) 312-4246  **F** (310) 914-5880

JWood@manatt.com
**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Peterson, Marcus D. [mailto:marcus.peterson@pillsburylaw.com]
**Sent:** Wednesday, December 23, 2015 3:50 PM
**To:** Wood, Jessica; Ghajar, Bobby
**Cc:** De La Rosa, Inga L.; Wollman, Shari
**Subject:** RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Jessica,

I am following up on the below email.  Please let us know whether we can file the stipulation.

Thank you,

**Marcus D. Peterson** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800 | Los Angeles, CA 90017-5406
t 213.488.7410 | f 213.629.1033
marcus.peterson@pillsburylaw.com | website bio

ABU DHABI   AUSTIN   BEIJING   HOUSTON   LONDON   LOS ANGELES   NASHVILLE   NEW YORK
NORTHERN VIRGINIA   PALM BEACH   SACRAMENTO   SAN DIEGO   SAN DIEGO NORTH COUNTY
SAN FRANCISCO   SHANGHAI   SILICON VALLEY   TOKYO   WASHINGTON, DC




Social Media
& Games
CLICK TO VISIT OUR BLOG

**From:** Peterson, Marcus D.
**Sent:** Tuesday, December 22, 2015 4:47 PM
**To:** 'Wood, Jessica'; Ghajar, Bobby
**Cc:** De La Rosa, Inga L.; Wollman, Shari
**Subject:** RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Jessica,

Defendants will agree to a further one-week extension of the deadline to file a responsive pleading to the complaint, provided we agree (1) to continue our meet and confer call on Defendants' Motion to Dismiss on Monday, December 28; (2) that we will have Plaintiff's position as to whether it will amend its complaint that day; and (3) that the parties will file the joint report to Judge Walter required in his Standing Order by December 31.  Please confirm that we are on the same page.

At your request, we prepared the attached joint stipulation to further extend the response deadline.  Please confirm that it is acceptable and that we may insert your electronic signature.  We will then file it tonight or first thing tomorrow.

Finally, we will not be in a position to conduct the Rule 26(f) conference next week.  As the deadline for the conference is January 4, please let us know your availability for a call after 4:00 pm that day.

Regards,

**Marcus D. Peterson** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800 | Los Angeles, CA 90017-5406
t 213.488.7410 | f 213.629.1033
marcus.peterson@pillsburylaw.com | website bio

ABU DHABI  AUSTIN  BEIJING  HOUSTON  LONDON  LOS ANGELES  NASHVILLE  NEW YORK
NORTHERN VIRGINIA  PALM BEACH  SACRAMENTO  SAN DIEGO  SAN DIEGO NORTH COUNTY
SAN FRANCISCO  SHANGHAI  SILICON VALLEY  TOKYO  WASHINGTON, DC




---

**From:** Wood, Jessica [mailto:JWood@manatt.com]
**Sent:** Tuesday, December 22, 2015 1:46 PM
**To:** Ghajar, Bobby; Peterson, Marcus D.
**Cc:** De La Rosa, Inga L.; Wollman, Shari
**Subject:** RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Dear Bobby and Marcus,

I am writing to follow up on our call yesterday.  While we still disagree that the Complaint fails to state facts that support Plaintiff's claims, we will give further consideration to the issues you raised during our call yesterday.  However, due to the holidays, people are traveling this week and I have not had a chance to talk to everyone involved yet.

I understand the Judge requires us to get a joint stipulation on file before Defendants file their motion.  However, due to the Court holidays this week, I believe that means the stipulation needs to be filed on Monday, December 28.  However, it seems to make little sense to file the joint stipulation on the same day as Defendants' motion.

Accordingly, we will agree to extend your clients' deadline to respond to the complaint another week, to January 4.  This will also give us time to confer with our client and get back to you on Monday.  Accordingly, please prepare another short stipulation to extend the time to respond.  No proposed order appears necessary.

In addition, please confirm your availability on Monday, December 28 to meet for the parties' Rule 26 conference.

Best,
Jessica

**Jessica Wood**
Associate

**Manatt, Phelps & Phillips, LLP**
11355 W. Olympic Blvd
Los Angeles, CA  90064
**D** (310) 312-4246   **F** (310) 914-5880

JWood@manatt.com
**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Peterson, Marcus D. [mailto:marcus.peterson@pillsburylaw.com]
**Sent:** Monday, December 21, 2015 2:06 PM
**To:** Wood, Jessica
**Cc:** Ghajar, Bobby; De La Rosa, Inga L.; Wollman, Shari
**Subject:** RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Jessica,

Here is the dial-in information:

Number: 1-866-794-0787
Passcode: 6989500

Marcus

**Marcus D. Peterson** | Senior Associate

Pillsbury Winthrop Shaw Pittman LLP

725 South Figueroa Street, Suite 2800 | Los Angeles, CA 90017-5406

t 213.488.7410 | f 213.629.1033

marcus.peterson@pillsburylaw.com | website bio

ABU DHABI   AUSTIN   BEIJING   HOUSTON   LONDON   LOS ANGELES   NASHVILLE   NEW YORK
NORTHERN VIRGINIA   PALM BEACH   SACRAMENTO   SAN DIEGO   SAN DIEGO NORTH COUNTY
SAN FRANCISCO   SHANGHAI   SILICON VALLEY   TOKYO   WASHINGTON, DC

 

**From:** Wood, Jessica [mailto:JWood@manatt.com]
**Sent:** Monday, December 21, 2015 1:54 PM
**To:** Peterson, Marcus D.
**Cc:** Ghajar, Bobby; De La Rosa, Inga L.; Wollman, Shari
**Subject:** RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Marcus,

I am available at 5:00pm today for your requested meet and confer call.  Please send me the call-in details at your earliest convenience.

Best,
Jessica

**Jessica Wood**
Associate

**Manatt, Phelps & Phillips, LLP**
11355 W. Olympic Blvd
Los Angeles, CA  90064
**D** (310) 312-4246   **F** (310) 914-5880

JWood@manatt.com
manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Peterson, Marcus D. [mailto:marcus.peterson@pillsburylaw.com]
**Sent:** Monday, December 21, 2015 11:11 AM
**To:** Wood, Jessica; Ghajar, Bobby
**Cc:** De La Rosa, Inga L.; Wollman, Shari
**Subject:** RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Jessica,

We have each other's position on the "mutual exchange" and do not believe continuing to revisit the issue in emails will be fruitful.

Please let us know what time after 5:00 p.m. today you are available for a call, and advise who from your office will participate.  We will circulate dial-in information.  We also expect that you will be prepared to discuss all of the issues raised in our letter, including the jurisdiction issue and cybersquatting claim.

Regards,

**Marcus D. Peterson** | Senior Associate

Pillsbury Winthrop Shaw Pittman LLP

725 South Figueroa Street, Suite 2800 | Los Angeles, CA 90017-5406

t 213.488.7410 | f 213.629.1033

marcus.peterson@pillsburylaw.com | website bio

ABU DHABI  AUSTIN  BEIJING  HOUSTON  LONDON  LOS ANGELES  NASHVILLE  NEW YORK
NORTHERN VIRGINIA  PALM BEACH  SACRAMENTO  SAN DIEGO  SAN DIEGO NORTH COUNTY
SAN FRANCISCO  SHANGHAI  SILICON VALLEY  TOKYO  WASHINGTON, DC




Social Media
& Games
CLICK TO VISIT OUR BLOG

**From:** Wood, Jessica [mailto:JWood@manatt.com]
**Sent:** Monday, December 21, 2015 10:33 AM
**To:** Ghajar, Bobby
**Cc:** Peterson, Marcus D.; De La Rosa, Inga L.; Wollman, Shari
**Subject:** RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Dear Bobby,

We disagree that the Complaint fails to state facts that support Plaintiff's claims.  Indeed, Plaintiff has stated proper claims in its Complaint which, as you are well aware, was filed in response to your clients' social media attacks against WeMash—attacks which conveniently required little or no evidence in support of WeMesh's meritless claims.

Further, you completely ignore the several reasons why a mutual exchange of priority evidence in this this case is a good idea that are set forth in our December 18 correspondence below, not the least of which is to save your own client considerable resources and expense in unnecessary motion practice.  In contrast, the sole reason you have provided for your client's unwillingness to mutually exchange evidence—that Plaintiff has the initial burden of proof on its claims—is irrelevant, not the law, and contrary to Judge's Walter's November 9 Standing Order.

In any event, if you still want to bring your motion instead of providing evidence which your clients will be required to share soon in this case, we will be available to meet and confer today.  However, I already have meeting scheduled for 11:00am.  Marcus is copied here to suggest another time.

Best,
Jessica

**Jessica Wood**
Associate

**Manatt, Phelps & Phillips, LLP**
11355 W. Olympic Blvd
Los Angeles, CA  90064
**D** (310) 312-4246  **F** (310) 914-5880

JWood@manatt.com
**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Ghajar, Bobby [mailto:bobby.ghajar@pillsburylaw.com]
**Sent:** Monday, December 21, 2015 8:46 AM
**To:** Wood, Jessica
**Cc:** Peterson, Marcus D.; De La Rosa, Inga L.; Wollman, Shari
**Subject:** RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Jessica,

We are responding to your letter sent at 7:34pm Friday evening.

Apart from ignoring the multiple bases of Defendants' planned motion, you continue to insist on a "mutual exchange" without explaining why it makes sense under the circumstances.  Your client WeMash has sued WeMesh, which owns a federal registration providing it with at least a May 2014 priority date.  In order to prevail on its claims,  WeMash must prove (and properly allege) nationwide trademark use of WEMASH and WEMES before Defendant's priority  date.   Your "25 pages" of "Defendants' wrongful acts" do not establish prior common law trademark use.   If you have facts and evidence that establish a basis for prior trademark use, we would be very interested to receive those facts and evidence before filing our motion. This is not about withholding evidence Plaintiff may acquire in discovery.  This is about Plaintiff stating a proper claim in a complaint it chose to file against our client -  if it can.

Accordingly, Defendants plan to move forward with their motion on all grounds stated in my letter.   Although I am on a family vacation with limited cell reception, I can be available at 11 a.m. to discuss your position, and move forward with the joint stipulation required by the court. Please confirm. If this time does not work, it will need to be later in the afternoon; please coordinate with Mr. Peterson.

When we meet and confer, we trust you will be in a position to articulate why you believe Plaintiff's allegations are sufficient.

In the meantime,  Defendants reserve their rights.

Regards,


Bobby Ghajar

12

-------- Original message --------
From: "Wood, Jessica" <JWood@manatt.com>
Date: 12/18/2015 7:34 PM (GMT-08:00)
To: "Ghajar, Bobby" <bobby.ghajar@pillsburylaw.com>
Cc: "Peterson, Marcus D." <marcus.peterson@pillsburylaw.com>, "De La Rosa, Inga L."
<inga.delarosa@pillsburylaw.com>, "Wollman, Shari" <swollman@manatt.com>
Subject: RE: WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Dear Bobby,


We are in receipt of your December 17 correspondence notifying us of Defendants WeMesh, Inc.'s and Mr.
Pazaratz's ("Defendants") plans to file a motion to dismiss.  First, it is absurd for you to contend that WeMash's
complaint—which is 25 pages long and has multiple exhibits—fails to set forth sufficient details of Defendants'
wrongful acts.  Further, you are well aware of Defendants' aggressive attacks targeting WeMash that were
directed into this forum, which occupy several pages of the complaint, and support jurisdiction here.


In any event, as you are likely well aware, it generally makes little sense to move for dismissal under Rule 12,
as the Court will simply grant leave to amend even if the motion is granted.  In fact, all your motion will likely
accomplish is to burden the Court, increase the costs for both parties, and cause some delay.  We can only
presume that bringing this motion, which is utterly devoid of any merit, is yet another tactic to avoid
exchanging your clients' evidence of first use.  Such dilatory tactics are not well taken here, particularly as we
have *repeatedly* requested that the parties undertake an early reciprocal exchange of priority evidence.


In any event, as we have stressed before, we remain interested in resolving this case without the need for both
sides wasting time and resources on motion practice that can likely be avoided by the early reciprocal exchange
of priority evidence.  Accordingly, to accomplish this stated goal, we would like to offer your clients yet
another opportunity to avoid incurring unnecessary fees by filing their baseless motion.


To that end, we would like to offer Defendants the maximum 30 day extension of time to respond to the
complaint, until January 19, 2016, provided that Defendants agree to mutually exchange priority evidence
before that deadline (or provide written confirmation that they intend to rely on their constructive priority
date).  We would like to again invite you and your clients to our offices to exchange priority evidence.  As you
know, your clients will soon need to produce this evidence in response to discovery anyway.  The proposal we
are offering will provide the parties with the opportunity to candidly assess their positions, and may well lead to
a resolution of the case without the need for any motion practice.


If you reject this proposal, you may proceed to prepare your motion and file it on December 28.  Of course, we
will obtain the evidence we seek regardless, so it is your choice whether to waste time and your clients'

resources with needless motion practice or instead focus on a potential resolution.  We will be available to meet and confer with you on Monday should you choose to proceed with your current course of action.

Best,

Jessica

**Jessica Wood**

Associate

_____

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

**D** (310) 312-4246  **F** (310) 914-5880

JWood@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** De La Rosa, Inga L. [mailto:inga.delarosa@pillsburylaw.com]
**Sent:** Thursday, December 17, 2015 4:07 PM
**To:** Wollman, Shari
**Cc:** Wood, Jessica; Ghajar, Bobby; Peterson, Marcus D.; De La Rosa, Inga L.
**Subject:** WeMash, Inc. vs. WeMesh Inc. - Meet and Confer

Counsel:

Please see attached correspondence from Bobby Ghajar.

Thank you.

**Inga L. De La Rosa** | Pillsbury Winthrop Shaw Pittman LLP
Legal Secretary
725 South Figueroa Street, Suite 2800 | Los Angeles, CA 90017-5406
t 213.488.7174 | f 213.629.1033
inga.delarosa@pillsburylaw.com | pillsburylaw.com

ABU DHABI  AUSTIN  BEIJING  HOUSTON  LONDON  LOS ANGELES  NASHVILLE  NEW YORK
NORTHERN VIRGINIA  PALM BEACH  SACRAMENTO  SAN DIEGO  SAN DIEGO NORTH COUNTY
SAN FRANCISCO  SHANGHAI  SILICON VALLEY  TOKYO  WASHINGTON, DC



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770, Option 1, immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770, Option 1, immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770, Option 1, immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.