BOBBY GHAJAR # 198719
bobby.ghajar@pillsburylaw.com
MARCUS D. PETERSON # 265339
marcus.peterson@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone:  213.488.7100
Facsimile:   213.629.1033

Attorneys for Defendants WEMESH, INC. and
MICHAEL PAZARATZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEMASH, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>           v.<br><br>WEMESH INC., an Ontario, Canada corporation; and MICHAEL PAZARATZ, an individual,<br><br>                    Defendants. | Case No. 2:15-CV-8719 JFW (JPRx)<br><br>DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>Date:       February 29, 2016<br>Time:       1:30 p.m.<br>Crtrm.:      16<br><br>Judge:      Hon. John F. Walter |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants WeMesh, Inc. and Michael Pazaratz ("Defendants") request that this Court, in considering Defendants' Motion to Dismiss First Amended Complaint ("FAC"), and the possibility of allowing Plaintiff to further amend, take judicial notice of documents referenced in the FAC and whose authenticity is not reasonably subject to challenge or dispute.

-1-

4844-9298-7693.v1

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 2:15-CV-8719 JFW (JPRx)

Specifically, defendants request that the Court take judicial notice of the following documents, which are authenticated and attached as Exhibits 1-6 to the concurrently-file Declaration of Marcus Peterson in Support of Motion to Dismiss First Amended Complaint:

1) Plaintiff's Facebook page at www.facebook.com/wemash; specifically postings stating the company was founded in October 2014, and a posting from August 18, 2015, stating, "We're launching a fun video messaging app on a private friends/family beta in the next couple of days."

2) Plaintiff's United States Securities and Exchange Commission Form D – Notice of Exempt Offering of Securities, filed October 9, 2014, and stating that Plaintiff was incorporated in 2014.

3) Plaintiff's Facebook page at www.facebook.com/wemash, specifically a posting from September 16, 2015, stating, "Just one day from the official launch of WEMES."

4) Apple iTunes App Store listing for the "Wemes App" from November 19, 2015, showing that as of that date, the App had only 16 reviews.

5) Printouts of Plaintiff's website obtained from the Internet Archive "Wayback Machine" (a project that archives and stores images of websites as they appeared in the past), showing the appearance of Plaintiff's website at www.wemash.com between August 2014 and June 2015.

6) A screen capture of the www.wemash.com website as it appeared on November 9, 2015, showing that it provided no information on Plaintiff's goods or services or on the "Wemes App."

In its First Amended Complaint, Plaintiff WeMash, Inc. ("WeMash") alleges: 1) that it has conducted business since 2008 (FAC ¶8); 2) the existence and function of its website at www.wemash.com (FAC at ¶8); 3) the existence and use

of its Facebook account (FAC ¶15); and 4) its "Wemes App" that is sold through the Apple iTunes App Store (FAC ¶¶13-14).

Defendants assert that the FAC fails to state a claim upon which relief can be granted. In addressing whether Plaintiff should be permitted to further amend its complaint, Defendants provide the Court with six documents showing that such amendment would be futile, because Plaintiff has no good faith basis for asserting that it conducted any business or made any trademark use of its asserted trademarks prior to 2015. Defendants do not submit these documents in order for the Court to evaluate the bases for dismissing the FAC, but merely as a basis for demonstrating that such dismissal should be with prejudice.

The Court may take judicial notice of these documents because they are referenced in the FAC and their authenticity cannot be challenged. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Here, Plaintiff has alleged the existence of its web page and social media accounts, as well as its software app's placement on the Apple iTunes App Store. The contents of these websites (Exs. 1, 3-6) are not reasonably subject to challenge (indeed, if Plaintiff challenged them, it would be undermining its own allegations). Thus, the Court can take judicial notice of the contents of such web pages. *NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 824 (N.D. Cal. 2014) (taking judicial notice of four of defendant's webpages and excerpts from defendant's SEC filing where defendants did not oppose, and the materials are either referenced in the First Amended Complaint or matters in the public record); *Pollstar v. Gigmania, Ltd.*, 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000) ("some of the contents of the pollstar.com web site were alleged in the complaint… Moreover, neither party disputes the web site's authenticity. Therefore, the court can and does consider the pollstar.com web site in determining Gigmania's Rule 12(b)(6) motion."); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of websites including

-3-

plaintiff's LinkedIn pages in deciding a motion to dismiss a right of publicity claim).

The Court can also take judicial notice of documents from the Securities and Exchange Commission website (Ex. 2). *See U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014) (taking judicial notice of documents from various government websites, including the SEC).

Because Plaintiff has alleged the existence and contents of the websites in its FAC, there is good cause for the Court to take judicial notice of each of the Exhibits of the Peterson Declaration.

Dated: January 26, 2016

PILLSBURY WINTHROP SHAW PITTMAN LLP
BOBBY GHAJAR
MARCUS D. PETERSON

By: /s/ Bobby Ghajar
Bobby Ghajar
Marcus D. Peterson
Attorneys for Defendants WEMESH, INC. and MICHAEL PAZARATZ