Manatt, Phelps & Phillips, LLP
SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
E-mail: SWollman@manatt.com
CHARLES G. GOMEZ (Bar No. CA 236663)
cgomez@manatt.com
JESSICA A. WOOD (Bar No. CA 269562)
E-mail: JWood@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff and Counter-Defendant*
WeMash, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WEMASH, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>       vs.<br><br>WEMESH INC., an Ontario, Canada corporation; and Michael Pazaratz, an individual,<br><br>                    Defendants. | No. 2:15-cv-08719-JFW (JPRx)<br><br>**PLAINTIFF AND COUNTER-DEFENDANT WEMASH, INC.'S ANSWER TO DEFENDANT AND COUNTER-CLAIMANT WEMESH INC.'S COUNTERCLAIMS, AND AFFIRMATIVE DEFENSES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. John F. Walter<br>Courtroom: 16<br><br>First Amended Complaint Filed: January 12, 2016<br><br>Pre-Trial Conference: October 28, 2016<br><br>Trial: November 15, 2016 |
| WEMESH INC., an Ontario, Canada corporation,<br><br>                    Counter-Claimant,<br><br>       vs.<br><br>WEMASH, INC., a Delaware corporation,<br><br>                    Counter-Defendant. | |

Plaintiff and Counter-Defendant WeMash, Inc. ("WeMash," "Plaintiff" and/or "Counter-Defendant"), by and through its undersigned counsel, hereby responds to the Counterclaims for Trademark Infringement, Unfair Competition, and Declaratory Relief, Docket No. 56 ("Counterclaims") of Defendant and Counter-Claimant WeMesh Inc. ("WeMesh," "Defendant" and/or "Counter-Claimant") as follows:

## INTRODUCTORY STATEMENT

To the extent any response is necessary, WeMash denies the introductory statement set forth at pages 2 – 3 of the Counterclaims.

## THE PARTIES

1. WeMash denies that Defendant WeMesh is the owner of any rights in the WEMESH trademark. WeMash is informed and believes that Defendant WeMesh is an Ontario, Canada corporation having a principal place of business located at 340 Brookview Court, Ancaster L9G4C2 Canada. WeMash is further informed and believes that Defendant WeMesh markets a software application for the Apple iPhone known as the WeMesh App (the "WeMesh App") that purports to allow users to synchronize their mobile devices in order to watch videos together, while simultaneously communicating with each other either via text messaging or VoIP (the "WeMesh Goods"). WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1, and on that basis, denies those allegations.

2. WeMash denies the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 states legal conclusions to which no response is required. To the extent any response is required, WeMash admits that the Court has subject matter jurisdiction over the allegations contained in the Counterclaims, but denies the remaining allegations of Paragraph 3.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent any response is required, WeMash admits that the Court has jurisdiction over the allegations contained in the Counterclaims, but denies the remaining allegations of Paragraph 4.

5. WeMash admits that venue is proper in this district as to the Counterclaims and this action.

6. WeMash admits that jurisdiction and venue are proper in this district as to the Counterclaims and this action.

## FACTUAL BACKGROUND

### Response to Defendant/Counterclaimant WeMesh and its WEMESH® Trademark

7. WeMash is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis, denies those allegations.

8. WeMash is informed and believes that Defendant WeMesh's WeMesh App purports to allow users to synchronize their mobile devices in order to watch videos together, while simultaneously communicating with each other either via text messaging or VoIP. WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8, and on that basis, denies those allegations.

9. WeMash denies that "'WeMesh' is an invented term first coined by Dr. Pazaratz and Dr. Darvish-Kazem, co-founders of WeMesh...", and further denies that the "mark WeMesh is highly distinctive and original." WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9, and on that basis, denies those allegations.

10. WeMash is informed and believes that Defendant WeMesh recently launched an app called the WeMesh App. WeMash is without knowledge or

1  information sufficient to form a belief as to the truth of the remaining allegations of
2  Paragraph 10, and on that basis, denies those allegations.

3      11.    WeMash is informed and believes that Defendant WeMesh recently
4  launched an app called the WeMesh App. WeMash denies that the Facebook page
5  at www.facebook.com/wemesh displays any content referring or relating to the
6  WeMesh App. WeMash is without knowledge or information sufficient to form a
7  belief as to the truth of the remaining allegations of Paragraph 11, and on that basis,
8  denies those allegations.

9      12.    WeMash is without knowledge or information sufficient to form a
10 belief as to the truth of the allegations of Paragraph 12, and on that basis, denies
11 those allegations.

12     13.    WeMash is informed and believes that public WhoIs records for
13 www.wemesh.com identify Michael Pazaratz as the Registrant, list Dr. Pazaratz's
14 address, and identify MikePaz@gmail.com as the "Registrant Email." WeMash is
15 further informed and believes that public WhoIs records for www.wemesh.me and
16 www.wemesh.tv, and each of them, identify Dr. Pazaratz as the "Registrant Name,"
17 and Defendant WeMesh as the "Registrant Organization." WeMash is without
18 knowledge or information sufficient to form a belief as to the truth of the remaining
19 allegations of Paragraph 13, and on that basis, denies those allegations.

20     14.    WeMash is informed and believes that Defendant WeMesh recently
21 launched an app called the WeMesh App, that appears to be available for download
22 on the Apple App Store and the Google Play store. WeMash is without knowledge
23 or information sufficient to form a belief as to the truth of the remaining allegations
24 of Paragraph 14, and on that basis, denies those allegations.

25     15.    WeMash is informed and believes that Defendant WeMesh promotes
26 its WeMesh App on the domain name "weme.sh" website, and that WeMesh owns
27 other domain names—that incorporate a colorable imitation of WeMash's
28 WEMASH mark—that appear to automatically redirect to weme.sh. WeMash is

further informed and believes that WeMesh's WeMesh App appears to be promoted on various social media. WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15, and on that basis, denies those allegations.

16. WeMash admits that the United States Patent and Trademark Office Records reflect Trademark Registration No. 4,757,374 for WEMESH. WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16, and on that basis, denies those allegations.

17. Paragraph 17 states legal conclusions to which no response is required. To the extent any response is required, WeMash is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis, denies those allegations.

**Response to WeMash and its Purported WEMASH and WEMES Trademarks**

18. WeMash admits that as early as 2008, WeMash's co-founder Quincy D. Jones, III ("Jones") came upon the idea for WeMash – which was analogous to music sampling for the video category. WeMash further admits that it currently promotes and distributes the Wemes App, which WeMash began developing at least as early as 2013. WeMash denies the remaining allegations contained in Paragraph 18.

19. WeMash admits that the Wemes App allows users to access premium video content, which can be edited and integrated with text, graphics and other multimedia content for posting, linking and sharing online and across various social media and communications platforms. WeMash denies the remaining allegations in Paragraph 19.

20. WeMash denies the allegations contained in Paragraph 20.

21. WeMash admits that Jones is currently CEO of WeMash and is one of two officers of the company. WeMash denies the remaining allegations contained in Paragraph 21.

22. WeMash admits that Jones conceived of the name "WEMES." WeMash further admits that it created, developed, promotes, markets, and distributes the Wemes App, which is available for download on Apple's App Store. WeMash further admits that Jones conceived of the name "WEMES" in connection with the Wemes App, and transferred his rights in the WEMES Mark to WeMash. WeMash denies the remaining allegations contained in Paragraph 22.

23. WeMash admits that it markets its goods and services on its websites www.wemash.com and www.wemesapp.com. WeMash admits that it does not advertise its Wemes App or other products and/or services sold under the WEMES or WEMASH Marks via print, radio or television. WeMash further admits that Jones purchased the www.wemash.com domain in 2008. WeMash denies the remaining allegations in Paragraph 23.

24. WeMash is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis, denies those allegations.

25. WeMash admits that it markets its goods and services on its website www.wemash.com. WeMash is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis, denies those allegations.

26. WeMash admits it registered the domain name www.wemesapp.com in May 2015 and content was posted on the website at least as early as September 2015. WeMash is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and on that basis, denies those allegations.

27. WeMash admits that the Wemes App is promoted on various social media, including but not limited to Facebook, Twitter, Instagram and Vine. WeMash further admits that WeMash's products and/or services appear to be promoted on various social media sites including but not limited to

www.facebook.com/wemesapp (on which content was posted at least as early as June 2015), www.facebook.com/wemash (on which content was posted at least as early as October 2014), www.twitter.com/wemesapp (on which tweets were posted at least as early as July 2015), www.twitter.com/wemashvids (on which tweets were posted using the handle @WeMashVids at least as early as July 2015), www.instagram.com/wemesapp (on which content was posted at least as early as November 2015), and https://vine.co/u/1253885947930681344 (on which videos were posted at least as early as September 2015). WeMash denies that WeMesh has senior rights in the WEMESH Mark. WeMash denies the remaining allegations in Paragraph 27.

28. WeMash admits that the Wemes App is promoted on various social media. WeMash denies the remaining allegations in Paragraph 28.

29. WeMash denies that WeMesh has senior rights in the WEMESH Mark. WeMash admits that United States Patent and Trademark Office records for the WEMASH Mark, Application No. 86/320,744 identify that the application was filed on June 25, 2014, under section 2(d) of the Trademark Act, in class 41 in connection with "Entertainment services, namely, providing webcasts and online videos in the field of music, sports and entertainment; Providing a website featuring information in the field of music, sports and entertainment; Entertainment services, namely, providing information about music, sports and entertainment via an online network." To the extent Paragraph 29 contains any remaining allegations, WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29, and on that basis, denies those allegations.

30. WeMash admits that a trademark search was conducted relating to the WEMASH Mark. WeMash denies the remaining allegations in Paragraph 30.

31. WeMash denies the allegations in Paragraph 31.

32. WeMash admits that United States Patent and Trademark Office records for the WEMASH Mark, Application No. 86/320,744, identify the following

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

WEMASH'S ANSWER TO WEMESH'S
COUNTERCLAIMS

services in class 41: "Entertainment services, namely, providing webcasts and online videos in the field of music, sports and entertainment; Providing a website featuring information in the field of music, sports and entertainment; Entertainment services, namely, providing information about music, sports and entertainment via an online network." WeMash denies the remaining allegations in Paragraph 32.

33. WeMash admits that United States Patent and Trademark Office records for the WEMASH Mark, Application No. 86/320,744, reflect that a Notice of Allowance issued on January 20, 2015, and that Requests for Extension of Time to File a Statement of Use were filed on June 29, 2015 and December 28, 2015. WeMash denies the remaining allegations in Paragraph 33.

34. WeMash admits that United States Patent and Trademark Office records for the WEMASH Mark, Application No. 86/320,744, reflect that a Notice of Allowance issued on January 20, 2015, and that Requests for Extension of Time to File a Statement of Use were filed on June 29, 2015 and December 28, 2015. WeMash further notes that it is not yet required to file a Statement of Use with the United States Patent and Trademark Office. WeMash denies the remaining allegations in Paragraph 34.

35. WeMash admits that United States Patent and Trademark Office records for the WEMES Mark, Application No. 86/654,939, identify that the application was filed on June 8, 2015, under section 2(d) of the Trademark Act, in connection with the following goods and services:

- <u>Class 9</u>: Software and downloadable software to enable users to integrate, edit, combine, modify, enhance, create and display text, graphics, images, photos, moving pictures, music, audio, video, audio-visual materials, and other multimedia content for posting, linking and sharing through electronic messaging and transmission via a global computer network, portable and wireless networks and various platforms across multiple forms of media; Software and downloadable software to enable users to integrate, edit, combine, modify, enhance, create and display text, graphics, images, photos, moving pictures, music, audio, video, audio-

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

8

WEMASH'S ANSWER TO WEMESH'S
COUNTERCLAIMS

visual materials, and other multimedia content that can be stored on and accessed from cloud based systems or remote network servers via a global computer network, portable and wireless networks and various platforms across multiple forms of media; Downloadable software for the integration of text, graphics, images, photos, moving pictures, music, audio, video, audio-visual materials, and other multimedia content into an interactive delivery for multimedia applications; Software and downloadable software for mobile phones, tablet computers, mobile telecommunications devices, mobile digital devices, portable devices, personal communications devices, portable media players, handheld computers and hand-held electronic devices, to send and receive electronic messages, text, graphics, images, photos, moving pictures, music, audio, video, audio-video materials and other multimedia content via global communication networks, portable and wireless networks, and various platforms across multiple forms of media

- <u>Class 41</u>: Providing an online non-downloadable searchable database of text, graphics, still images, photos, moving pictures, music, audio, video, audio-visual materials, and other multimedia content in the fields of celebrities, news, film, politics, television, political events and affairs, sports, music, history, drama, nature and wildlife, fashion, artistic performances, beauty, science fiction and fantasy for embedding digital content into websites, social media, electronic communications, downloadable and non-downloadable digital content, electronic downloadable publications, and other digital media and design elements of others

- <u>Class 42</u>: Providing online non-downloadable software, applications and tools to enable users to integrate, edit, combine, modify, enhance, create and display text, graphics, images, photos, moving pictures, music, audio, video, audio-visual materials, and other multimedia content for posting, linking and sharing through electronic messaging and transmission via a global computer network, portable and wireless networks and various platforms across multiple forms of media; Providing online non-downloadable software, applications and tools to enable users to integrate, edit, combine, modify, enhance, create and display text, graphics, images, photos, moving pictures, music, audio, video, audio-visual materials, and other multimedia content that can be stored on and accessed from cloud based systems or remote network servers via a global computer network, portable and wireless networks and various platforms across multiple forms of media; Providing online non-downloadable software for the integration of text, graphics, images, photos, moving pictures, music,

audio, video, audio-visual materials, and other multimedia content into an interactive delivery for multimedia applications.

To the extent Paragraph 35 contains any remaining allegations, WeMash denies those allegations.

36. WeMash admits that United States Patent and Trademark Office records for the WEMES Mark, Application No. 86/654,939, identify that the application was filed on June 8, 2015, under section 2(d) of the Trademark Act. WeMash denies the remaining allegations in Paragraph 36.

37. WeMash admits that it owns United States Application No. 86/320,744 for the WEMASH Mark and United States Application No. 86/654,939 for the WEMES Mark, which WeMash expects to mature to registration. WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37, and on that basis, denies those allegations.

38. WeMash contends that its alleged trademark rights in Canada are outside the scope of this lawsuit. WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38, and on that basis, denies those allegations.

39. WeMash contends that its alleged business in Canada is outside the scope of this lawsuit. WeMash is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and on that basis, denies those allegations.

40. WeMash denies the allegations contained in Paragraph 39.

41. WeMash denies that it did not license, promote and advertise its WeMash and Wemes goods and services prior to May 2014. WeMash denies the remaining allegations in Paragraph 41.

42. WeMash denies that it did not license, promote and advertise its WeMash and Wemes goods and services prior to May 2014. WeMash denies the remaining allegations in Paragraph 42.

43. WeMash denies that it did not license, promote and advertise its WeMash and Wemes goods and services prior to May 2014. WeMash denies the remaining allegations in Paragraph 43.

44. WeMash admits it submitted its application for incorporation in Delaware on March 31, 2014, and was officially incorporated in Delaware on April 3, 2014. WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44, and on that basis, denies those allegations.

45. WeMash admits that it launched its Wemes app through the Apple App Store in September 2015. WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45, and on that basis, denies those allegations.

46. WeMash admits that it markets its goods and services on its website www.wemesapp.com. WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46, and on that basis, denies those allegations.

47. WeMash denies the allegations in Paragraph 47.

48. WeMash denies the allegations contained in Paragraph 48.

49. WeMash alleges in the First Amended Complaint, and Defendant WeMesh has admitted, that its WEMESH Mark creates a likelihood of confusion with WeMash's WEMASH Mark and WEMES Mark. To the extent Paragraph 49 contains any remaining allegations, WeMash is denies those allegations.

50. WeMash alleges in the First Amended Complaint, and Defendant WeMesh has admitted, that its WEMESH Mark is confusingly similar to WeMash's WEMASH Mark and WEMES Mark. To the extent Paragraph 50 contains any remaining allegations, WeMash is denies those allegations.

51. WeMash alleges in the First Amended Complaint that it appears that the goods that Defendant WeMesh intends to provide, and/or has provided under

the WEMESH mark, including but not limited to those goods listed in Registration No. 4,757,374 for WEMESH are, or potentially will be, offered broadly to the same class of consumers as the consumers of WeMash's Goods/Services under the WEMASH Mark and WEMES Mark, through the same and/or overlapping channels of trade. To the extent Paragraph 51 contains any remaining allegations, WeMash is denies those allegations.

## FIRST CAUSE OF ACTION

### (Trademark Infringement under 15 U.S.C. §1114)

52. WeMash hereby realleges and incorporates by reference each and every answer to the allegations contained in Paragraphs 1-51 of the Counterclaims as though fully set forth herein.

53. WeMash admits that the United States Patent and Trademark Office Records reflect Trademark Registration No. 4,757,374 for WEMESH. WeMash denies that this trademark is valid. WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53, and on that basis, denies those allegations.

54. Paragraph 54 states legal conclusions to which no response is required. To the extent any response is required, WeMash denies that WeMesh has priority with respect to its use of WEMESH and denies the remaining allegations of Paragraph 54.

55. WeMash denies the allegations contained in Paragraph 55.

56. WeMash denies the allegations of Paragraph 56.

57. WeMash admits it uses its WEMASH Mark in connection with a collection of premium, high-quality video content. WeMash denies the remaining allegations contained in Paragraph 57.

58. WeMash admits that United States Patent and Trademark Office records for the WEMES Mark, Application No. 86/654,939, identify that the application was filed on June 8, 2015. WeMash is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58, and on that basis, denies those allegations.

59. WeMash admits that the WEMESH Mark is highly similar to and infringes the WEMASH Mark and WEMES Marks, as each is only one letter off – WEMESH replaces the "a" in "MASH" with an "e," and WEMESH is "WEMES" with an "h." WeMash denies the remaining allegations contained in Paragraph 59.

60. WeMash admits that it has used WEMASH dating back to 2008 and used WEMES dating back to 2013. WeMash denies the remaining allegations contained in Paragraph 60.

61. WeMash denies the allegations contained in Paragraph 61.

62. WeMash denies the allegations contained in Paragraph 62.

63. WeMash admits that the First Amended Complaint ¶65 alleges "Defendant WeMesh's use, distribution, offer for sale and/or sale of colorable imitations of WeMash's WEMASH and WEMES marks, as described in this Complaint, including but not limited to in connection with the www.wemesh.com domain name, has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the WeMesh Goods are manufactured or distributed by WeMash, that Defendant WeMesh is affiliated, connected, or associated with WeMash, and/or that WeMash has sponsored, endorsed or approved of Defendant WeMesh." WeMash denies the remaining allegations of Paragraph 63.

64. WeMash contends that the allegations in Paragraph 64 are vague, ambiguous and unintelligible, and on that basis, WeMash denies those allegations.

65. WeMash admits that it created, developed, promotes, markets, and distributes the Wemes App, which is available for download on Apple's App Store. WeMash contends that the remaining allegations in Paragraph 65 are vague, ambiguous and unintelligible, and on that basis, WeMash denies the remaining allegations.

66. WeMash denies the allegations contained in Paragraph 66.

67. WeMash denies the allegations contained in Paragraph 67.

68. WeMash denies the allegations contained in Paragraph 68.

69. WeMash denies the allegations contained in Paragraph 69.

70. WeMash denies the allegations contained in Paragraph 70.

## SECOND CAUSE OF ACTION

### (Trademark Infringement under 15 U.S.C. §1125)

71. WeMash hereby realleges and incorporates by reference each and every answer to the allegations contained in Paragraphs 1-70 of the Counterclaims as though fully set forth herein.

72. WeMash denies the allegations contained in Paragraph 72.

73. WeMash denies the allegations contained in Paragraph 73.

74. WeMash denies the allegation in Paragraph 74 that "WeMash and Jones did not make trademark use of the WEMASH or WEMES marks in connection with mobile apps until September 2015." WeMash is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 74, and on that basis, denies those allegations.

75. WeMash denies the allegations contained in Paragraph 75.

76. WeMesh denies the allegations contained in Paragraph 76.

77. WeMash denies the allegations contained in Paragraph 77.

## THIRD CAUSE OF ACTION

### (False Designation of Origin under 15 U.S.C. §1125)

78. WeMash hereby realleges and incorporates by reference each and every answer to the allegations contained in Paragraphs 1-78 of the Counterclaims as though fully set forth herein.

79. WeMash denies the allegations contained in Paragraph 79.

80. WeMash denies the allegations contained in Paragraph 80.

81. WeMash denies the allegations contained in Paragraph 81.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark Infringement and Unfair Competition)

82. WeMash hereby realleges and incorporates by reference each and every answer to the allegations contained in Paragraphs 1-81 of the Counterclaims as though fully set forth herein.

83. WeMash denies the allegations contained in Paragraph 83.

84. WeMash denies the allegations contained in Paragraph 84.

85. WeMash denies the allegations contained in Paragraph 85.

## FIFTH CAUSE OF ACTION

### (Unfair Competition under Cal. Bus. & Prof. Code §17200)

86. WeMash realleges and incorporates by reference as if fully set forth herein its responses to paragraphs 1-85.

87. WeMash denies the allegations contained in Paragraph 87.

## SIXTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement)

88. WeMash hereby realleges and incorporates by reference each and every answer to the allegations contained in Paragraphs 1-87 of the Counterclaims as though fully set forth herein.

89. WeMash denies the allegations contained in Paragraph 89.

90. WeMash denies the allegations contained in Paragraph 90.

91. WeMash denies the allegations contained in Paragraph 91.

## PRAYER FOR RELIEF

WeMesh's prayer for relief does not contain any allegations. To the extent any response is required to any paragraph of Defendant WeMesh's prayer for relief, including without limitation paragraphs A-M, WeMash denies paragraphs A-M of Defendant WeMesh's prayer for relief. WeMash denies that Defendant WeMesh is entitled to any relief sought in WeMesh's prayer for relief.

## AFFIRMATIVE DEFENSES

Further answering Defendant WeMesh's Counterclaims and as additional defenses thereto, WeMash asserts the following Affirmative Defenses, without assuming the burden of proof when such a burden would otherwise be on Counterclaimant.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Counterclaims fail to state any claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Counterclaims are barred, in whole or in part, by Counterclaimant's unclean hands.

### THIRD AFFIRMATIVE DEFENSE
### (Bad Faith)

The Counterclaims are barred, in whole or in part, by Counterclaimant's bad faith.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, Estoppel and Acquiescence)

The Counterclaims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or acquiescence.

### FIFTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

The Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

### RESERVATION OF ADDITIONAL DEFENSES

Discovery in this action is ongoing and WeMash continues to investigate the allegations set forth in the Counterclaims. WeMash gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to

statute, or discovery proceedings in this case, and hereby reserves the right to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, WeMash prays as follows:

1. For an order entering judgment in favor of WeMash on all claims asserted in its First Amended Complaint;

2. For an order dismissing the Counterclaims in their entirety, with prejudice;

3. That, as to all claims, WeMash be awarded reasonable attorneys' fees, expenses, and costs in relation to this action; and

4. WeMash have such other and further relief as the Court may deem just and appropriate.

Dated: May 16, 2016

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Shari Mulrooney Wollman
Shari Mulrooney Wollman
Jessica A. Wood
*Attorneys for Plaintiff*
WeMash, Inc.

## JURY TRIAL DEMAND

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 38(b) and L.R. 38-1, Counter-Defendant WeMash, Inc. hereby demands a trial by jury on all issues triable by a right to a jury trial in the above-captioned action.

Dated: May 16, 2016                    MANATT, PHELPS & PHILLIPS, LLP


By: /s/ Shari Mulrooney Wollman
    Shari Mulrooney Wollman
    Jessica A. Wood
    *Attorneys for Plaintiff*
    WeMash, Inc.