Manatt, Phelps & Phillips, LLP
SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
E-mail:  SWollman@manatt.com
JESSICA A. WOOD (Bar No. CA 269562)
E-mail:  JWood@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

*Attorneys for Plaintiff* WeMash, Inc.

Pillsbury Winthrop Shaw Pittman LLP
JEFFREY D. WEXLER (Bar No. CA 132256)
E-mail: jeffrey.wexler@pillsburylaw.com
MARCUS D. PETERSON (Bar No. CA 265339)
E-mail: marcus.peterson@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

*Attorneys for Defendant* WeMesh Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WEMASH, INC., a Delaware corporation,<br><br>          Plaintiff/Counterdefendant,<br><br>     vs.<br><br>WEMESH INC., an Ontario, Canada corporation,<br><br>          Defendant/Counterclaimant.<br><br>─────────────────────────<br>AND RELATED COUNTERCLAIMS | No.  2:15-cv-08719-JFW (JPRx)<br><br>Judge: Hon. John F. Walter<br><br>**JOINT REPORT RE: RESULTS OF SETTLEMENT CONFERENCE**<br><br>Complaint Filed:     November 6, 2015<br><br>First Amended Complaint Filed:          January 12, 2016<br><br>Pretrial Conference:  October 28, 2016<br>                           10:00 a.m.<br><br>Trial:                November 15, 2016<br>                           8:30 a.m. |

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

JOINT REPORT RE SETTLEMENT
CONFERENCE

4852-9503-4422.v1

1    Plaintiff and Counterdefendant WeMash, Inc. ("WeMash" or "Plaintiff") and

2    Defendant and Counterclaimant WeMesh Inc. ("WeMesh" or "Defendant")

3    (collectively, "the parties") by and through their undersigned counsel, respectfully

4    submit this Joint Report re: Results of Settlement Conference pursuant to the

5    Court's January 21, 2016 Scheduling and Case Management Order (Docket No. 32)

6    ("Scheduling Order"), Order Vacating Scheduling Conference and Referral to ADR

7    (Docket No. 31) ("ADR Order"), and July 15, 2016 Order Extending Last Day to

8    Complete and Report on Court-Ordered Mediation (Docket No. 69) (Order re

9    Mediation Deadline").

10   **I.     JOINT STATEMENT**

11        **A.     ADR Procedure No. 3 – Private Mediation.**  Private mediation was

12   held on August 4, 2016 from 9:00 a.m. until approximately 7:30 p.m.

13   (approximately 10.5 hours).  Greg Derin of Judicate West acted as the parties'

14   neutral.

15        **B.     Statement of Case.** Pursuant to Local Rule 16-15.5(a) and at the

16   request of the neutral, counsel for the parties provided a brief written statement of

17   the case and outstanding issues, and key relevant documents for Mr. Derin's

18   review.

19        **C.     Statement Regarding Settlement**.  Despite participating in a

20   mediation that lasted over 10 hours, the parties were unable to agree upon terms.

21   At one point, the parties believed little separated them.  However, over the course

22   of the day it became clear that the parties were farther apart than they originally

23   anticipated.

24   **II.    PLAINTIFF'S STATEMENT.**

25        **A.     Attendance by Parties and their Counsel.**

26        Pursuant to Local Rule 16-15.5(b) and (c), the mediation was attended by

27   Plaintiff WeMash's lead counsel Shari Mulrooney Wollman, and associate Jessica

28   Wood.  Plaintiff's representative was its principal and founder, Quincy D. Jones,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

JOINT REPORT RE SETTLEMENT
CONFERENCE

4852-9503-4422.v1

1 III, who attended in person.  In addition, WeMash's co-founder and President, Sal

2 Siino, participated by telephone.

3 Mr. Marcus Peterson attended the mediation on behalf of Defendant.  As the

4 Court is aware, Defendant's lead counsel, Bobby Ghajar, left the Pillsbury law firm

5 and withdrew as defense counsel on July 12, 2016 (*see* Docket No. 67).  No

6 representative from Defendant WeMesh appeared in person; however, Plaintiff

7 understands that Defendant participated in discussions during the mediation by

8 telephone.

9 **B.    Request for Further Settlement Conference.**

10 Despite Plaintiff's best efforts over the last few months and at the mediation,

11 and its belief at one point that a settlement had been reached, the parties to date

12 have been unable to agree upon settlement terms.  It is Plaintiff's belief that had

13 Defendant appeared in person, and had more experienced counsel from Defendant's

14 law firm attended as well, settlement may have been achieved.  Plaintiff cannot

15 further elaborate as to the basis for its belief without violating the confidential

16 nature of the mediation proceeding.

17 Accordingly, Plaintiff respectfully requests that the Court Order the parties to

18 appear in person for a settlement conference before the Magistrate Judge assigned

19 to this case, the Honorable Jean P. Rosenbluth (or such other Magistrate as the

20 Court may appoint), and further requests that all counsel for both parties be

21 required to attend.  As Defendant has asserted counterclaims in this action, it may

22 not legitimately claim hardship from being forced to appear for a conference in this

23 forum.  As Plaintiff has noticed depositions in this case for August 30, 2016-

24 September 1, 2016 in Ontario, Canada, Plaintiff respectfully requests that the

25 settlement conference take place at the Magistrate's earliest convenience.[1]

26

27 [1] Plaintiff has not requested fees or costs in connection with this request, but

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

JOINT REPORT RE SETTLEMENT
CONFERENCE

4852-9503-4422.v1

## III.   DEFENDANT'S STATEMENT

### A.   Attendance by WeMesh and Its Counsel.

Pursuant to Local Rule 16-15.5(c), the August 4, 2016 mediation was attended by Marcus Peterson of Pillsbury, who became WeMesh's lead counsel after Mr. Ghajar left Pillsbury.  Pursuant to Local Rule 16-15.5(b), Mr. Derin exercised his discretion to allow WeMesh's client representatives, Michael Pazaratz and Saeed Darvish-Kazem, to appear telephonically.

### B.   Status of Settlement and Opposition to Request for Second Settlement Conference.

Put simply, this case was not resolved at mediation because the parties did not reach agreement on key settlement terms.  While the parties had reached an agreement in principle in June, unfortunately, the mediation session ended without an agreement.

Mr. Derin was aware that WeMesh intended to appear at the mediation telephonically.  WeMesh is based in Ontario, Canada.  Given that WeMesh's intent was to complete the settlement discussions prior to the mediation, and that it did not become apparent until the day before the mediation that the parties would be unable to agree on the terms of the settlement agreement without holding a mediation, it was not possible for WeMesh's principals to attend the mediation in person, disrupting their busy work schedules.  As authorized by Local Rule 16-15.5(b), Mr. Derin approved that arrangement on the condition that WeMesh make itself available for the mediation via telephone, and WeMesh complied with that condition, participating fully in the mediation.  In-person attendance at the mediation by WeMesh would have had no impact on the mediation and would not have led to settlement.

reserves the right to do so.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

3

JOINT REPORT RE SETTLEMENT
CONFERENCE

4852-9503-4422.v1

1   Plaintiff's implication to the contrary, Mr. Peterson, the attorney who
2   attended the mediation on behalf of WeMesh, is WeMesh's lead trial counsel, and
3   has been such since Mr. Ghajar left Pillsbury.  Mr. Peterson is a senior associate
4   who has practiced law since 2009 and, along with Mr. Ghajar, he has had day-to-
5   day involvement and client contact in this lawsuit since WeMesh's appearance in
6   the case; Plaintiff has no basis for questioning the legitimacy of WeMesh's decision
7   that Mr. Peterson would, upon Mr. Ghajar's departure from Pillsbury, serve as its
8   lead counsel, nor does it have any basis for suggesting that the Court should order a
9   new mediation with attendance by a "more experienced" attorney.  In any event,
10  Plaintiff's contention that attendance by a "more experienced" attorney would have
11  led to settlement is simply incorrect.  Attendance by a "more experienced" attorney
12  – especially one without knowledge of the case – would not have had any impact on
13  the parties' failure to reach settlement at the mediation.

14          WeMesh does not believe a further settlement conference before Magistrate
15  Judge Rosenbluth would be fruitful at this time.  The parties have spent a full day
16  of negotiations before an experienced mediator, Mr. Derin, who is fully familiar
17  with the underlying issues and has offered to continue his efforts to mediate a
18  settlement.  WeMesh sees no reason why the parties should burden Magistrate
19  Judge Rosenbluth by starting from scratch before her.  Instead, the parties can
20  continue to use Mr. Derin's services if they believe doing so will facilitate
21  settlement.  Furthermore, it would be costly and disruptive for WeMesh to fly its
22  client representative from Ontario, Canada to California to attend such a proceeding
23  on such short notice.  If Plaintiff intends to move to compel such attendance even
24  though the parties' agreed-upon mediator exercised his power under Local Rule 16-
25  15.5(b) to allow WeMesh to attend the entire mediation telephonically, WeMesh
26  requests the opportunity to oppose such a request and to be heard as to why it
27  would be disruptive to its business.

28          WeMesh remains committed to settling this case.  The parties should be able

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

JOINT REPORT RE SETTLEMENT
CONFERENCE

4852-9503-4422.v1

1   to do so without further delay, and without the need for assistance from Magistrate

2   Judge Rosenbluth.

3

4   Dated:    August 11, 2016              MANATT, PHELPS & PHILLIPS, LLP

5

6                                          By: /s/ Jessica A. Wood

7                                               Shari Mulrooney Wollman
                                                Jessica A. Wood

8                                               *Attorneys for Plaintiff*
                                                WeMash, Inc.

9

10

11  Dated:    August 11, 2016              PILLSBURY WINTHROP SHAW
                                          PITTMAN LLP

12

13                                         By: /s/  Marcus D. Peterson

14                                              Jeffrey D. Wexler
                                                Marcus D. Peterson

15                                              *Attorneys for Defendant*
                                                WeMesh Inc.

16

17      Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document hereby
    attests that all other signatories listed, and on whose behalf the filing is submitted,

18  concur in the filing's content and have authorized the filing.

19  317410108.1

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

JOINT REPORT RE SETTLEMENT
CONFERENCE

4852-9503-4422.v1